This clause, it will be observed, does not relate solely to the trust provision or to the trust property. It covers all his estate, and provides for payment of debts and expenses, which are in no way connected with the trust provisions. It is just as effectually a general residuary clause as though it were inserted as a separate clause in the will; and therefore, being general and unlimited, it carried all that fell into the residue by lapse, invalid disposition, or other accident. Matter of Bonnet, 113 N. Y. 522, 21 N. E. 139; Riker v. Cornwell, 113 N. Y. 115, 20 N. E. 602. In this view of the case the court very properly held that the plaintiff had no interest that entitled her to maintain this action, and in this decision we concur.

We do not see that it was necessary for the trial court to pass upon the question of estoppel by reason of plaintiff having accepted and retained the provision for her under the alleged invalid trust clause in the will, and we refrain from passing upon that question here.

Judgment affirmed with costs. All concur, except ROBSON, J., who dissents.

---

GENERAL RY. SIGNAL CO. v. CADE et al.

(Supreme Court, Appellate Division, Fourth Department. November 13, 1907.)

1. CORPORATIONS—DISSOLUTION—TRUSTEES—ACTIONS—PARTIES.

A new Jersey corporation, having agreed to transfer all its property, including certain patents and licenses, to plaintiff's assignor, delivered the personal property, letters patent, and licenses, but neglected to execute and deliver transfers thereof, as required by Rev. St. U. S. § 4898 [U. S. Comp. St. 1901, p. 3387]. The corporation was thereupon dissolved under Gen. St. N. J. p. 918, §§ 57–59, providing that the directors, as trustees, should have power to settle the corporation's affairs, sell and convey the property, might be sued in the corporate name or individually for the debts of the corporation, and should be jointly and severally responsible for the debts owing by the corporation. *Held*, that such directors were properly sued individually to compel them to execute transfers of the letters patent and licenses, without joining the dissolved corporation as a defendant.

2. COSTS—EXTRA ALLOWANCE.

Where trustees of a dissolved corporation, when sued to compel them to transfer certain patents and licenses, did not defend the case on the merits, but resisted liability through protracted litigation on technicalities in which they were unsuccessful, the court properly charged defendants with costs and granted plaintiff an extra allowance.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Costs, §§ 625, 626.]

Appeal from Special Term, Erie County.

Action by the General Railway Signal Company against John T. Cade and another, impleaded with Alfred H. Renshaw and others, as trustees, etc. From a judgment in favor of plaintiff, defendants Cade and Loomis appeal. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Shephard & Prentiss, for appellants.
Moot, Sprague, Brownell & Marcy, for respondents.

WILLIAMS, J.  The judgment should be affirmed, with costs.  The action was brought for relief in the nature of specific performance of a contract made by the Standard Railroad Signal Company, a New Jersey corporation, with the plaintiff's assignor, a New York corporation.  There seems to be no controversy here as to the facts.  The making of the contract, the liability of the New Jersey corporation to perform the same, and the plaintiff's interest therein are not disputed. The question involved is whether the relief sought can be obtained in ·this action; the only parties defendant being the directors of the New Jersey corporation, who, since the dissolution of the corporation, are claimed to be the trustees thereof, and as such to represent the same, for the purposes of such an action as this.

The relief granted by the trial court was that these defendants, as such trustees, carry out the terms of the contract.  The New Jersey corporation was organized March 26, 1896, and was thereafter engaged in the manufacture and sale of railroad signaling and interlocking devices, at Rahway, N. J.  August 5, 1901, another corporation, the Standard Signal Company, was organized in the state of New York for the same purposes as the New Jersey corporation, and to take over the business, property, and assets of the former corporation. Its principal office was in Troy, N. Y.  Its capital stock was $300,000, and the defendants were its incorporators and directors, and were also the directors of the New Jersey corporation.  Immediately after the organization of the New York corporation the contract in question here was made between the two companies whereby, in brief, the New Jersey corporation agreed to sell and deliver all its business, property, and assets to the New York corporation for the consideration of the shares of stock of the new corporation of the par value of $300,000, and to execute and deliver all necessary deeds and assignments of such property and assets.  The contract covered a large number of valuable patents, and licenses under other patents, and claims and rights of action for infringements.  The New York corporation, in performance of the contract, delivered the capital stock in payment of the consideration for the sale and transfer of the business, property, and assets of the New Jersey corporation.  The New Jersey corporation, in performance of the contract, delivered to the New York corporation a deed of all the real property, and turned over all its personal property, and all letters patent and licenses under patents, but throur'ı inadvertence neglected to execute or deliver any instruments in writing transferring the patents and licenses and claims for infringements, as required by section 4898, Rev. St. U. S. [U. S. Comp. St. 1901, p. 3387]. All rights of the New York corporation in the contract and its performance have been duly transferred to and are now owned by the plaintiff.  Soon after the making of the contract proceedings were commenced in New Jersey for the voluntary dissolution of the corporation in that state, resulting October 29, 1901, under the statute, in its dissolution.

The statutes of New Jersey provide by section 59 (Gen. St. N. J. p. 918), in brief, that dissolved corporations "shall be continued bodies corporate, for the purpose of prosecuting and defending suits by or against them, and of enabling them to settle and close their affairs, to

dispose of and convey their property, and to divide their capital, but not for the purpose of continuing the business for which they were established," and by section 57, in brief, that upon the dissolution of a corporation "the directors shall be trustees thereof, with full power to settle the affairs and sell and convey the property," of the corporation, and by section 58, in brief, that "the directors constituted trustees * * * shall be suable by the [corporate] name, or in their own names or individual capacities, for the debts owing by the corporation, and shall be jointly and severally responsible for such debts, to the amount of the moneys and property of the corporation which shall come to their hands or possession as such trustees."

The trial court held, in view of these statutes, that the directors, as such trustees, were "clothed with full power to settle up and adjust the affairs of said corporation, and to do any acts needful and necessary for such corporation to do, and to carry out and perform all agreements and engagements made by said corporation," and therefore that the present action could be maintained against them without the presence of the dissolved corporation as a party defendant. In this we think the trial court was entirely correct. While the action might have been brought against the corporation, or it might properly have been made a party defendant herein under section 59, yet it would in this case be a mere nominal difference. These defendants were the directors, and some of the defendants were the officers, upon whom the process must have been served and who would necessarily have had charge of the defense of the action, and ample power to represent and bind the corporation in such a matter as this was given by sections 57 and 59. They were given power to settle the affairs of the corporation and to convey its property, and were made suable in the corporate name, or their own names, for the debts (which may well include the obligations) of the corporation. Here was a contract under which the corporation was obligated, not to pay money, but to transfer and convey property. They were given power to convey property. Why might they not be sued, to enforce such conveyance, where the full purchase price has been paid, as well as where the obligation was to pay money, instead of to deliver conveyance of property? This principle was stated in Beale on Foreign Corporations, § 826; Thompson's Commentaries on Law of Corporations, §§ 6739, 6751; Clarke & Marshall on Private Corporations, § 333d; Sturges v. Vanderbilt, 73 N. Y. 384; People v. O'Brien, 111 N. Y. 1, 56, 18 N. E. 692, 2 L. R. A. 255, 7 Am. St. Rep. 684; Marstaller v. Mills, 143 N. Y. 398, 38 N. E. 370. The cases cited by appellants are not so far in point as to change this rule. We do not regard it as necessary to quote from these text-books and cases, or to comment upon or analyze them. A reading of them will clearly indicate that the trial court correctly determined the questions here involved.

We think the discretion of the court was fairly exercised in charging the appellants with costs. They have been clearly defending the case, not upon the merits, but upon mere technicalities. The relief granted should have been permitted without this protracted litigation. The case was also one fairly within the rule permitting an extra allowance.

Judgment affirmed, with costs. All concur.