### CUNNINGHAM v. GLAUBER et al.

(Supreme Court, Appellate Division, First Department. June 11, 1909.)

CORPORATIONS (§ 349*)—ACTIONS AGAINST AFTER DISSOLUTION—NECESSITY OF SUING CORPORATION FOR TORT.

Under section 57 of the stock corporation law (Laws 1892, p. 1824, c. 688), as added by Laws 1896, p. 1007, c. 932, § 1, amended by Laws 1900, p. 1621, c. 760, § 1, providing that all corporations shall continue in existence to pay existing debts and be sued to enforce the same, an action for a tort committed by a corporation during its lifetime should, in any event, be prosecuted against the corporation after dissolution, and an action therefor does not lie against its directors as trustees of its creditors under section 30 of the general corporation law (Laws 1890, p. 1060, c. 563, § 30, as amended by Laws 1892, p. 1811, c. 678).

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 1459; Dec. Dig. § 349.*]

Patterson, P. J., and Clarke, J., dissenting.

Appeal from Special Term, New York County.

Action by Michael C. Cunningham against Samuel S. Glauber and others, as trustees of the creditors of the Sam S. Glauber Company. From a judgment (61 Misc. Rep. 443, 115 N. Y. Supp. 259) sustaining a demurrer to and dismissing the complaint, plaintiff appeals. Affirmed.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

I. N. Jacobson, for appellant.
Milton M. Goldsmith, for respondents.

SCOTT, J. The plaintiff appeals from a final judgment sustaining a demurrer to the complaint. The complaint alleges: That the plaintiff was run over and injured by a truck belonging to the Sam S. Glauber Company; that the accident occurred by reason of the negligence of said company or its servants; that subsequently said corporation was dissolved under the provisions of section 51 of the stock corporation law (Laws 1892, p. 1839, c. 688); that the defendants were the directors of said corporation at its dissolution, and thereupon and thereafter became possessed of the property and assets of the corporation as trustees. Here, then, we have the case of a tort being committed against the plaintiff during the lifetime of the corporation, and an action therefor commenced after its dissolution; and the sole question involved is whether such an action should be brought against the corporation or against its former directors as trustees.

Section 30 of the general corporation law, being section 30 of chapter 563, p. 1060, of the Laws of 1890, as amended by chapter 687, p. 1811, of the Laws of 1892, provided that:

"Upon the dissolution of any corporation, its directors * * * shall be the trustees of its creditors * * * and shall have full power to settle its affairs, collect and pay outstanding debts. * * * Such trustees shall have authority to sue for and recover the debts and property of the corporation * * * and shall jointly and severally be personally liable to its creditors, stockholders or members, to the extent of the property and effects that shall come into their hands."

That such a cause of action as is set forth in the complaint survives the dissolution of the corporation was settled in Marstallar v. Mills, 143 N. Y. 398, 38 N. E. 370, decided in 1894 under the business corporation law (chapter 691, p. 2042, Laws 1892). It was assumed in that case that such an action would lie against the trustees, if it would lie at all; and in fact, at that time, such an action, if brought at all, could only be brought against the trustees, for there was no provision of law whereby the corporation was continued for the purpose of suing and being sued. Section 57 of the stock corporation law has now made such provision, for it is therein enacted that, in case of the dissolution of a corporation, "said corporation shall nevertheless continue in existence for the purpose of paying any existing debts * * * and may sue and be sued for the purpose of enforcing such debts and obligations." Chapter 932, p. 1007, Laws 1896, amended by chapter 760, p. 1621, Laws 1900.

The general scheme of collecting debts from dissolved corporations seems to be clearly outlined by the above quotations from the statute. Upon the dissolution of a corporation, the directors become trustees for the benefit of all who may be entitled to share in its assets and, to this end, are entitled to take possession of the assets and distribute them pro rata among its creditors, or as the law may create priorities, if any. They are accountable, however, only for what they receive. Any admitted and uncontested debt of the corporation it is their duty to pay, so far as the assets will permit. In the case of contested

claims against the corporation which can be established and liquidated only by a judgment, the action should be prosecuted against the corporation, which is expressly continued in existence for that purpose. Whether or not the trustees could properly be joined as defendants in such an action in order to conclude them as to the existence of the debt and its amount, it is not now necessary to determine; but we think it is clear that the action should in any event be against the corporation, and that an action does not lie against the trustees alone. The case of General Railway Signal Co. v. Cade, 122 App. Div. 106, 106 N. Y. Supp. 729, holds nothing to the contrary to this view. That action was brought under a statute of the state of New Jersey quite similar to our own. Its purpose was to compel the trustees of a dissolved corporation to execute assignments of certain patent rights in specific and full performance of a contract already partly executed between plaintiff and the dissolved corporation. The court held that, while the action might properly have been brought against the dissolved corporation, yet it would also lie against the trustees, who were expressly authorized by statute to settle the affairs of the corporation and sell and convey its property; but the court was careful to point out that the contract sought to be enforced was not one to pay money, but to transfer and convey specific property, and it is apparent from a reading of the case that there was no question of the obligation on the part of the corporation to make the transfer. We are therefore of the opinion that the case was properly disposed of below, and that the judgment must be affirmed, with costs.

INGRAHAM and LAUGHLIN, JJ., concur.

CLARKE, J. I dissent. In Marstallar v. Mills, 143 N. Y. 398, 38 N. E. 370, plaintiff brought an action against the defendants, as the trustees of the creditors and stockholders of a domestic business corporation, to recover for the loss of services of his son, who was injured in the employment of the company. Subsequent to the time when he received those injuries, the corporation was dissolved in the course of proceedings for its voluntary dissolution. The court, reading together section 5, c. 691, p. 2044, Laws 1892, the Business Corporations Law, " * * * The dissolution of any such corporation for any cause shall not take away or impair any remedy against it, its stockholders or officers, for any liabilities incurred previous to its dissolution," and section 30, c. 687, p. 1811, Laws 1892, the general corporation law, "Upon the dissolution of any corporation * * * the directors or managers of the affairs of such corporation at the time of its dissolution * * * shall be the trustees of the creditors and stockholders of the corporation dissolved, and shall have full power to settle the affairs of the corporation, collect and pay outstanding debts and divide among the stockholders the moneys and other property that shall remain after the payment of debts and necessary expenses. Such trustees shall have authority to sue for and recover the debts and property of the corporation by their name as such trustees, and shall jointly and severally be personally liable to its creditors,

stockholders and members to the extent of its property and effects that shall come into their hands"—said:

"The term 'creditor' is broad enough, in view of the evident purpose of this act and of the other provisions we have mentioned, to include those persons to whom the corporation was under any enforceable obligation, as well as to those to whom it was indebted. If the general investment of the directors with the power 'to settle the affairs of the corporation' were to be regarded as qualified and as limited, with respect to the payment of claims against it, to those which constituted debts, in the strict legal sense of the word, the Legislature would be chargeable with a very grave inconsistency. It would have expressly retained all the remedies against a corporation for any liabilities incurred previous to its dissolution, while limiting the power of its trustees, upon a voluntary dissolution, to the consideration and payment of those liabilities only which arose upon contract,"

—and affirmed a judgment overruling a demurrer to the complaint.

In Shayne v. Evening Post Pub. Co., 168 N. Y. 70, 61 N. E. 115, 65 L. R. A. 777, 85 Am. St. Rep. 654, the Court of Appeals sustained an action for libel against the trustees of a defunct corporation committed during its existence.

But it is claimed that those cases no longer apply, and that section 30 of the general corporation law has been repealed by chapter 932, p. 1007, of the Laws of 1896, amending the stock corporation law by adding section 57 thereto, as amended by chapter 760, p. 1621, of the Laws of 1900. That section provides for the dissolution of any stock corporation except a moneyed or a railroad corporation before the expiration of the time limited in its charter by vote of the holders of two-thirds of its capital stock upon following a prescribed procedure:

" * * * The said corporation by its board of directors shall proceed to adjust and wind up its business and affairs with power to carry out its contracts and to sell its assets at public or private sale, and to apply the same in discharge of debts and obligations of such corporation, and, after paying and adequately providing for the payment of such debts and obligations, to distribute the balance of assets among the stockholders of said corporation, according to their respective rights and interest. Said corporation shall nevertheless continue in existence for the purpose of paying, satisfying and discharging any existing debts or obligations, collecting and distributing its assets and doing all other acts required in order to adjust and wind up its business and affairs, and may sue and be sued for the purpose of enforcing such debts or obligations, until its business and affairs are fully adjusted and wound up."

The act contains no repealing clause. As illustrating the legislative intent that there is nothing inconsistent in the two provisions, and that both continue in full force and effect, they have been re-enacted in the consolidated laws, chapter 23, the general corporation law, chapter 28, of the Laws of 1909. Section 30 of chapter 687, p. 1811, of the Laws of 1892, is re-enacted as section 35, and section 57, as added by chapter 932, p. 1007, of the Laws of 1896 and amended by chapter 760, p. 1621, of the Laws of 1900, is re-enacted as section 221.

It is evident, I think, that there is no inconsistency. Section 57 was added purely in the interest of stockholders, to provide a way for dissolution and merger. No notice was to be given to creditors and no machinery provided for the ascertainment of debts and the payment thereof, as in the ordinary voluntary dissolution proceedings under the Code of Civil Procedure. The complaint at bar alleges:

"That said defendants became possessed of the property and assets of said corporation and that said assets and property are more than enough to pay the claims and debts of said company, including the claim of the plaintiff * * * that at the time of the dissolution of the said corporation the cause of action hereinbefore set forth existed against the said corporation, that said corporation had knowledge thereof that the same had not been in any wise liquidated or secured by said corporation or said defendants, and that by virtue of the dissolution of the said corporation a cause of action accrued against the said defendants under section 30 of the general corporation law."

If the property and assets of the corporation are in the hands of the defendants, as is admitted by the demurrer, why should the action not be brought directly against them? They are only responsible to the extent of such property so in their hands. Why should it be necessary to first bring an action against the corporation which has nothing, is a mere shell—a name preserved, indeed, so that suit may be brought against it if it has not dispossessed itself of its property—in order that thereafter, upon obtaining judgment, further proceedings may be brought against the same persons now sued, who by that time may have dissipated the fund which by law they hold as trustees for creditors? It would require plain and positive provisions to convince me that such is the present requirement of the statute.

General Railway Signal Co. v. Cade, 122 App. Div. 106, 106 N. Y. Supp. 729, is an authority. In that case, it is true, the New Jersey corporation laws were under consideration; but their provisions were similar to the laws of this state. Section 53 of chapter 185, p. 295, of the New Jersey Laws of 1896 provided for the continuance of dissolved corporations for the purpose of prosecuting and defending suits; and section 54, that the directors were constituted trustees, suable in their own names, and jointly and severally liable for debts of the corporation to the amount of the property which should come into their hands. The court held that the action could be maintained against the trustees without the presence of the dissolved corporation as a party:

"While the action might have been brought against the corporation, or it might properly have been made a party defendant herein under section 53, yet it would in this case be a mere nominal difference."

I think the majority opinion misreads that case. It was an action to compel the performance of a contract. The majority opinion indicates that the ruling would not have been the same way if it had been for a money judgment. It seems to me that the argument was that, as there was no doubt that the action would have been properly brought if it had been for the recovery of money, there was no reason why the rule should not apply to an action for specific performance. The court said:

"Here was a contract under which the corporation was obligated, not to pay money, but to transfer and convey property. They were given power to convey property. Why might they not be sued to enforce such conveyance, where the full purchase price has been paid, as well as where the obligation was to pay money instead of to deliver conveyance of property? This principle was stated in Beale, Foreign Corp. § 826; Thomp. Corp. §§ 6739, 6751; Clark & Marshall, Priv. Corp. § 328D; Sturges v. Vanderbilt, 73 N.

Y. 384; People v. O'Brien, 111 N. Y. 56, 18 N. E. 692, 2 L. R. A. 255, 7 Am. St. Rep. 684; Marstallar v. Mills, 143 N. Y. 398, 38 N. E. 370."

I think the complaint states a cause of action, and that the judgment sustaining the demurrer thereto was wrong, and should be reversed, with costs to the appellant, and the demurrer overruled, with costs, with leave to the respondent, on payment thereof, and within 20 days, to withdraw the demurrer and plead over.

PATTERSON, P. J., concurs.