## ATLANTIC DREDGING CO. v. BEARD et al.

(Supreme Court, Appellate Division, First Department. June 23, 1911.)

1. CORPORATIONS (§ 691*)—DISSOLUTION—TRANSFER OF ASSETS—EFFECT.

Where a foreign corporation was dissolved in accordance with the laws of the state of its domicile, and its assets distributed to its stockholders, its existence was thereby terminated, except so far as it was expressly continued by statute of the state creating it.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2673–2677; Dec. Dig. § 691.*]

2. CORPORATIONS (§ 629*)—DISSOLUTION—ASSETS—APPLICATION TO DEBTS.

Creditors of a corporation on dissolution are entitled to have its property applied to the payment of its debts; the duty devolving on the stockholders to set apart a sufficient amount of the property for that purpose.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 629.*]

3. CORPORATIONS (§ 548*)—ASSETS—APPLICATION—RIGHTS OF CREDITORS—CREDITORS' BILL.

As between a corporation and its creditors, its property constitutes a fund held by the corporation and its officers in trust for the payment of its debts, so that a creditor may maintain a bill to follow such property into the hands of any person who receives it with notice of the trust and of a violation of the law providing for distribution of the assets among creditors.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 2182; Dec. Dig. § 548.*]

4. CORPORATIONS (§ 630*) — DISSOLUTION — CREDITOR'S SUIT — JUDGMENT AGAINST CORPORATION.

W. Va. Code 1906, c. 53, § 59, provides that, on dissolution of a corporation, its assets shall be subject to the payment of debts, that suits may be brought, continued, or defended, and the property, real or personal, of the corporation be conveyed or transferred in like manner and with like effect as before dissolution, but so far only as shall be necessary or proper for collection of debts and claims due to the corporation, converting its property and assets into money, prosecuting and protecting its rights and enforcing its liabilities and paying over and distributing its property and assets or the proceeds thereof to those entitled thereto. *Held*, that where a West Virginia corporation was dissolved, and its assets unlawfully distributed without leaving enough to pay debts, such section did not contemplate the bringing of an action against the corporation to recover a judgment on the creditor's claim, and since such a proceeding, even if possible, would be an idle ceremony, the creditor was not bound to exhaust his alleged remedy at law by obtaining such judgment against the corporation, and having an execution returned unsatisfied before maintaining a suit in equity against the distributees of the assets to subject the same to the payment of its claim.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 630.*]

5. ACTION (§ 38*)—CAUSES OF ACTION—JOINDER.

Where a corporation has been dissolved and its assets distributed without reserving enough to pay its debts, a creditor's bill uniting various claims of the dissolved corporation against its officers and others to whom property had been so distributed which was applicable to the payment of the corporation's debts was not demurrable for misjoinder of causes of action.

[Ed. Note.—For other cases, see Action, Cent. Dig. § 549; Dec. Dig. § 38.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

6. CORPORATIONS (§ 630*)—DISSOLUTION—CREDITOR'S SUIT—PARTIES—DIS-
SOLVED CORPORATION.

W. Va. Code 1906, c. 53, § 59, provides that, on dissolution of a corpora-
tion, suits may be brought, continued, or defended so far as necessary
for the collection of debts and claims due the corporation, converting its
property and assets into money, prosecuting and protecting its rights,
enforcing its liabilities, and paying over and distributing its property to
those entitled. *Held*, that such section did not authorize a simple con-
tract creditor to sue a corporation after dissolution merely to establish
the validity of its claims; and hence such corporation was not a neces-
sary party defendant to a creditor's suit against distributees of its assets
to subject the property so distributed to the payment of complainant's
claims against the dissolved corporation.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2482–2486;
Dec. Dig. § 630.*]

7. CORPORATIONS (§ 662*)—FOREIGN CORPORATIONS—RIGHTS OF CREDITORS—
STATE POLICY.

It is the policy of the state to grant its citizens relief against a foreign
corporation where property of the corporation applicable to the payment
of its debts is within the state.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2568, 2569;
Dec. Dig. § 662.*]

Laughlin and McLaughlin, JJ., dissenting.

Appeal from Special Term, New York County.

Suit by the Atlantic Dredging Company against William Beard and
others, as directors of the W. H. Beard Dredging Company and others.
Defendants demurred to the complaint, whereupon plaintiff moved
at Special Term for a judgment on the pleadings, and, plaintiff's mo-
tion having been granted, defendant William Beard appeals. Affirmed,
with leave to answer.

Argued before INGRAHAM, P. J., and McLAUGHLIN.
LAUGHLIN, CLARKE, and SCOTT, JJ.

Ralph James M. Bullowa, for appellant.
Walter L. McCorkle, for respondent.

INGRAHAM, P. J. The plaintiff brings this action as a creditor
of a corporation organized under the laws of the state of West Vir-
ginia, known as the W. H. Beard Dredging Company, to recover from
the defendants the amount of its claim against the Dredging Com-
pany; the individual defendants being members of a copartnership
known as William Beard & Co. and the directors of the West Vir-
ginia corporation. The defendant William Beard demurred to this
complaint upon the ground that there was a defect of parties defend-
ant because the corporation, the Dredging Company, was not a party
defendant and the stockholders of the Dredging Company were not
parties defendant; that causes of action have been improperly united;
and that the complaint does not state facts sufficient to constitute
causes of action. The plaintiff thereupon made a motion to the
Special Term upon the pleadings, which motion was granted, allow-
ing, however, the demurring defendant to serve an answer within
twenty days, upon payment of costs; and from that order the de-
fendant Beard appeals.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The complaint alleges that the Dredging Company was incorporated under the laws of the state of West Virginia; that the statute of that state provided that the stockholders could at any time in general meeting resolve to discontinue the business of the corporation; that, upon giving notice of such dissolution to the Secretary of State, the Secretary of State should file the same in his office, and should issue a certificate under his hand and the great seal of the state, reciting such resolution, and certifying that the said notice was duly published as required by the statute, and should certify to the clerk of the house of delegates the name of every such dissolved corporation, stating the date of the dissolution thereof, to be printed and bound with the acts of the Legislature; that, as soon as practicable after such resolution is passed, the stockholders should cause ample funds and assets to be set apart, either in the hands of trustees or otherwise, to secure the payment of all debts and liabilities of the corporation, and any creditor who supposes his claim not to be sufficiently secured thereby might obtain an injunction to prevent the distribution of the capital and a decree against any stockholder for the amount of the capital received by him; and the court might appoint a receiver to take charge of and administer the property and assets of the corporation; that, when a corporation should expire or be dissolved, its property and assets should under the order and direction of the board of directors then in office, or the receiver or receivers appointed for the purpose, be subject to the payment of the liabilities of the corporation and the expenses of winding up its affairs, and the surplus, if any, then remaining should be distributed among the stockholders according to their respective interests. "And suits may be brought, continued or defended, the property, real or personal of the corporation, be conveyed or transferred under the common seal or otherwise, and all lawful acts be done, in the corporate name, in like manner and with like effect as before such dissolution or expiration; but so far only as shall be necessary or proper for collecting debts and claims due to the corporation, converting its property and assets into money, prosecuting and protecting its rights, enforcing its liabilities, and paying over and distributing its property and assets, or the proceeds thereof to those entitled thereto." The complaint further alleges that the Dredging Company, in violation of said statutes of the state of West Virginia, thereafter transferred and set over all of the property of the said corporation to William Beard and Lavinia Beard, composing the firm of William Beard & Co., and that the plaintiff is and was at the time of the aforesaid acts a creditor of the said corporation, in that, in the state of New York, the said corporation, the Dredging Company, hired from the plaintiff and the plaintiff rented to it on the 30th day of March, 1904, a certain scow containing a capacity of 495 cubic yards, known as No. "A 17" for a period of eight days, to wit, from March 30, 1904, to April 7, 1904, inclusive, at the agreed price of two cents per cubic yard per day, thereby aggregating the total sum of $79.20, and which is reasonably worth said sum, and is justly due and owing by the said corporation to the plaintiff, no part of which has been paid, although duly demanded.

There is a second cause of action based upon another indebtedness

of the Dredging Company to the plaintiff amounting to $582.30, a third cause of action upon another indebtedness to the Dredging Company amounting to $2,037.45, and a fourth cause of action based upon another debt of the Dredging Company to the plaintiff of $100, and the plaintiff demands judgment that the defendants account for the property of the Dredging Company transferred to them; that it be adjudged that the plaintiff have a lien on said property for the amount of its indebtedness, or that the said property be adjudged to be subject to said indebtedness of the plaintiff; and that the same be sold to satisfy the said indebtedness of the plaintiff, or that the said plaintiff have judgment against the defendants for the amount claimed therein. The several causes of action to recover for which this action is brought were based upon an indebtedness of this foreign corporation doing business within this state to a domestic corporation, which causes of action arose within this state. The foreign corporation was dissolved, and it surrendered its charter to the state of West Virginia, the sovereignty which had incorporated it. Its directors transferred and set over to the Beards, composing the firm of William Beard & Co., the whole of the property belonging to the Dredging Company, thus leaving the corporation without property to pay its debts.

[1] The dissolution of the Dredging Company which is alleged in the complaint and admitted by the demurrer actually terminated its existence, except so far as it was expressly continued by the statute of the state of West Virginia.

[2] Its creditors, however, had a right to have its property applied to the payment of its debts, and the duty was charged upon the stockholders of the corporation to set apart a sufficient amount of the property for that purpose.

[3] As between the corporation and its creditors, the property of the corporation was a fund held by the corporation and its officers in trust for the payment of its debts, and a creditor can, by a creditors' bill, follow such property in the hands of any person who receives it with notice of the trust and of a violation of the law providing for the distribution of the assets of a corporation among its creditors.

[4] Ordinarily, as in other creditors' actions, a creditor must exhaust his remedy at law by obtaining a judgment against the corporation and the return of execution unsatisfied; but, where by the act of the corporation or for any other cause it is impossible for the creditor to obtain such a judgment, the creditor can maintain the action notwithstanding that no judgment has been obtained. Under the allegations of this complaint, the corporation itself is dissolved. It is true that an action could be brought, continued, or defended in like manner and with like effect as before such dissolution or expiration, but only so far as it should be necessary or proper for collecting the debts and claims due to the corporation and converting its property and assets into money, prosecuting and protecting its rights, enforcing its liabilities and paying over and distributing its property and assets or the proceeds thereof to those entitled thereto. Where the corporation has disposed of all its property without paying its debts, and has discontinued its ordinary operations, the right was not reserved to

sue the corporation to recover for the amount of an indebtedness, as that would be an idle and unmeaning ceremony. The debtor is a foreign corporation. Its creditor is a domestic corporation, and is entitled to follow the property of the corporation into the hands of these defendants. This state has always protected its citizens in enforcing in their favor the obligations of foreign corporations, especially where the cause of action arose in this state. Obtaining a judgment in this state against this defendant corporation would be from the fact alleged entirely useless, if not impossible, and I do not think it should be held a prerequisite for a creditor to follow the assets of a corporation into the hands of those to whom they have been transferred.

[5] Nor do I think causes of action have been improperly joined. The action is brought to reach assets of a corporation. These assets consist of property transferred by the corporation to the defendant Beard and to money due to the corporation by its directors. I see no objection to a plaintiff uniting in one action various claims of the corporation against its officers or others which are applicable to the payment of the debts of the corporation to the plaintiff. There is but one cause of action, and that is to reach property of the corporation which is applicable to the payment of the plaintiff's claim against it.

[6] Nor do I think the corporation is a necessary party defendant. The corporation has been dissolved and its charter forfeited. There is no receiver of its property or of the corporation, and it has no property except that transferred by it to these defendants. By its dissolution it ceased to be an existing corporation, and, except in so far as its existence was continued by the laws of the state of West Virginia, no action could either be instituted by it or maintained against it. The provisions of the West Virginia statute only authorize suit to be brought, continued, or defended, so far as it should be necessary or proper for collecting the debts and claims due to the corporation, converting its property and assets into money, prosecuting and protecting its rights, enforcing its liabilities, and paying over and distributing its property and assets or the proceeds thereof to those entitled thereto. There is no authority here granted for a simple contract creditor to sue the corporation merely to establish the validity of its claims. This provision is quite different from that contained in the statutes of this state affecting domestic corporations and which were applied in Cunningham v. Glauber, 133 App. Div. 10, 117 N. Y. Supp. 866. The creditor in that case concededly had a right to sue the corporation. The action was to recover for a tort alleged to have been committed by the corporation against the plaintiff during its existence, and the action was brought to establish the liability of the corporation for the tort as against the trustees who had succeeded to the property of the corporation and not against the corporation. The difference between the two cases, it seems to me, is unmistakable. That was not a creditors' bill to reach assets of a dissolved corporation, but an action to establish an independent liability for a tort alleged to have been committed by the corporation before its dissolution.

If the plaintiff is denied this relief, it is difficult to see how it can ever obtain a satisfaction of its claim against this dissolved corpora-

tion, although these defendants may have in their possession any amount of money or property which had belonged to the corporation, and which was in effect a fund held in trust for the benefit of its creditors. It would be useless to send the plaintiff to the state of West Virginia, for all its property has been transferred to these individual defendants, who were citizens of this state, over whom the courts of West Virginia could obtain no jurisdiction. No other action than the one now before us could be brought in this state by which the property of the corporation could be reached.

[7] Certainly it is not the policy of this state to deny its citizens relief or refuse to enforce claims against a foreign corporation where property applicable to the payment of their claims is within this state. The principle established in the case of General Railway Signal Co. v. Cade et al., 122 App. Div. 106, 106 N. Y. Supp. 729, I think justifies this action, and, although in that case the object sought was to obtain the specific performance of a contract to convey personal property, and not a mere money demand, the judgment asked for in this case is to enforce an equitable lien against the property of the corporation in the hands of those defendants. I think, therefore, the complaint alleges a cause of action, and it was not necessary to make the corporation a party.

The order appealed from is therefore affirmed, with $10 costs and disbursements; with leave, however, to the defendant to withdraw the demurrer and to answer within 20 days on payment of costs in this court and in the court below.

CLARKE and SCOTT, JJ., concur.

LAUGHLIN, J. (dissenting). The appellant demurred to the complaint, and thereupon the motion for judgment against him on the pleadings was made and granted. The complaint contains four counts on separate causes of action for work, labor, and services, consisting of dredging, performed by the plaintiff for the W. H. Beard Dredging Company, which was a corporation duly organized under the laws of West Virginia, and for the rent of a scow. The judgment demanded is that the defendants account for the property of the corporation which was transferred to them, and that it be adjudged that plaintiff has a lien thereon for the amount of the indebtedness, and that the property be sold to satisfy the same, or that plaintiff have judgment against the defendants for the amount of such indebtedness. The three individual defendants were directors of the W. H. Beard Dredging Company, and two of them compose the copartnership firm of William Beard & Co., and they are sued in both capacities. The plaintiff's debtor is not made a party defendant. Plaintiff seeks to hold appellant liable to account and for the indebtedness as a director of the debtor corporation and as a member of the copartnership firm to which all of the assets of the debtor corporation have been transferred. The grounds of the demurrer are that there is a defect of parties defendant, in that the debtor corporation is not joined, and in that the stockholders thereof are not joined, and also that causes of action have been improperly united, in that causes of action against

the directors of the debtor corporation have been united with causes of action against its assignees, and, further, that the complaint does not state facts sufficient to constitute a cause of action.

I am of opinion that the debtor corporation is a necessary party defendant, and that the complaint does not state facts sufficient to constitute a cause of action against the appellant. The theory upon which the learned counsel for the respondent attempts to sustain the action, without joining the debtor corporation, is that it has been dissolved, and that its assets thereupon passed into the hands of the directors as trustees. I think, however, that this does not dispense with the necessity of suing the corporation and establishing the indebtedness against it by an adjudication which would thus be binding, not only on the corporation, but on its directors, stockholders, and other creditors as well. The statute of West Virginia with respect to the continuance of the corporate existence after dissolution for the purpose of suing and being sued in liquidating the business of the corporation differs in phraseology from that of our own state, but not, I think, in substance. Under our statute, it has been quite recently held by this court that an action for an indebtedness owing by the corporation cannot be maintained against the directors after dissolution without joining the corporation. Cunningham v. Glauber, 133 App. Div. 10, 117 N. Y. Supp. 866. Subdivision 3 of section 221 of the general corporation law of New York (Consol. Laws 1909, c. 23), providing for the continuance in existence of a dissolved corporation for the purposes in question, is as follows:

"Said corporation shall nevertheless continue in existence for the purpose of paying, satisfying and discharging any existing debts or obligations, collecting and distributing its assets and doing all other acts required in order to adjust and wind up its business and affairs. and may sue and be sued for the purpose of enforcing such debts or obligations, until its business and affairs are fully adjusted and wound up."

Section 59 of chapter 53 of the Code or statutes of the state of West Virginia, set forth in the complaint, provides as follows:

"When a corporation shall expire or be dissolved, its property and assets shall, under the order and direction of the board of directors then in office, or the receiver or receivers appointed for the purpose by such circuit court as is mentioned in the fifty-seventh section of this chapter, be subject to the payment of the liabilities of the corporation, and the expenses of winding up, its affairs; and the surplus, if any, then remaining, to distribution among the stockholders according to their respective interests. And suits may be brought, continued or defended, the property, real or personal of the corporation, be conveyed or transferred under the common seal or otherwise, and all lawful acts be done, in the corporate name, in like manner and with like effect as before such dissolution or expiration; but so far only as shall be necessary or proper for collecting the debts and claims due to the corporation, converting its property and assets into money, prosecuting and protecting its rights, enforcing its liabilities, and paying over and distributing its property and assets, or the proceeds thereof to those entitled thereto."

These statutory provisions with respect to the point in question are not, I think, distinguishable, and the construction placed upon our statute should be applied to the statute of West Virginia.

The learned counsel for the appellant also contends on the authority of Stiles v. Laurel Fork Oil & Coal Company, 47 W. Va. 838, 35

S. E. 986, that the stockholders are necessary parties, and that we should be governed by the construction placed upon the statute in this regard by the courts of West Virginia (O'Reilly, Skelly & Fogarty Co. v. Greene, 18 Misc. Rep. 423, 41 N. Y. Supp. 1056), but I do not deem it necessary to express an opinion on those questions.　Technically speaking, there is no cause of action stated against the members of the copartnership firm of William Beard & Co. upon any possible theory, for, while it is alleged that all of the assets of the corporation were transferred to that firm, it is not alleged that the assets had any value, or that there were in fact any assets.　However, the point that the complaint fails to state a cause of action is well sustained on a broader ground.　Each count of the complaint contains the allegation that:

"On or about the 14th day of March, 1910, the said W. H. Beard Dredging Company was duly authorized to be dissolved and discontinue business as a corporation and surrendered to the said state of West Virginia its charter and corporate franchise and duly authorized its existing board of directors, who were William Beard, Lavinia Beard, and John B. Summerfield, to proceed to pay off and discharge its debts, liabilities, and obligations, and to transfer and set over to William Beard and Lavinia Beard, composing the firm of William Beard & Co., the whole of the property belonging to the said corporation, the W. H. Beard Dredging Company, both real and personal, together with all choses in action and the good will of said corporation."

It is thus expressly alleged that the trustees were authorized to transfer and set over the property of the corporation to the copartnership, and it is further alleged that this was done, but the allegation in which it is stated that the property was so transferred contains the averment that this was done "in violation of" the statutes of West Virginia.　That is an allegation of a legal conclusion.　If, as alleged, the directors were authorized to pay off and discharge the debts, liabilities, and obligations of the corporation and to transfer the assets to the copartnership, it is difficult to see, on the mere allegation that the transfer was made, how the transfer was in violation of the statutes.　It is not to be inferred that they were to discharge the obligations of the corporation by dividing up the assets as they existed among the creditors, and, if so, the allegation of the complaint that they were authorized to transfer the assets of the corporation to the copartnership could only be true on the theory that the copartnership as a creditor was entitled thereto.　It is to be presumed that they were authorized to sell and dispose of the assets of the corporation, and to use the proceeds to discharge the obligations of the company.　The consideration for the transfer of the assets of the corporation to the copartnership is not stated.　It is not to be presumed that such transfer was made at an inadequate consideration.　The mere fact, therefore, that the directors on the dissolution of the corporation received its assets as trustees for the creditors, and that they transferred the same to the copartnership, does not establish a liability on the part of an individual director or member of the copartnership firm either to account or for a personal judgment.

I therefore vote for reversal.

McLAUGHLIN, J., concurs.