O. G. ORR & Co., INC., Appellant, v. FIREMAN'S FUND INSURANCE COMPANY, Respondent.*

Third Department, March 17, 1932.

*Robert H. Elder* [*Otho S. Bowling* of counsel], for the appellant.

*Bigham, Englar, Jones & Houston* [*Arthur W. Clement* and *Henry J. Bogatko* of counsel], for the respondent.

HILL, J. Plaintiff appeals from an order directing that the service of the summons and all other papers be set aside on the ground that the action was brought without authority of plaintiff's board of directors. The action was begun in August, 1929, and this motion made by defendant in November, 1931. The complaint pleads the incorporation of plaintiff and defendant, and a cause of action for a share of the profits on insurance written prior to 1919 by plaintiff as defendant's agent, the amount not ascer-

---

tainable or due until in 1928. The plaintiff went into voluntary dissolution in March, 1919, under section 105 of the Stock Corporation Law. This section provides (Subd. 7) that after the adoption and filing of the certificate of dissolution and the publication thereof, " such corporation by its board of directors shall proceed to adjust and wind up its business and affairs * * * " and further (Subd. 8), " Such corporation shall continue for the purpose of paying, satisfying and discharging any existing liabilities or obligations, collecting and distributing its assets and doing all other acts required to adjust and wind up its business and affairs, and may sue and be sued in its corporate name." The director Orr was president of the plaintiff at the time of the dissolution, and no successor has been chosen. He negotiated and arranged with the attorney concerning the commencement of this action, but before it was commenced the two other surviving directors (one had died after dissolution) went to the office of plaintiff's attorney and were told of the plan to bring this action in the name of the plaintiff corporation, and they did not object. The question is whether the affirmative act of Orr, coupled with such acquiescence on the part of the others as silence indicates, authorized plaintiff's attorney to commence this action.

The corporation is still in existence, this cause of action belongs to it. It is the proper party to prosecute the litigation as it has been continued in existence expressly for that purpose. (*Cunningham* v. *Glauber*, 133 App. Div. 10, 13; *Security Trust Co.* v. *Pritchard*, 201 id. 142, 147; *Brock* v. *Poor*, 216 N. Y. 387.) Directors always act in a fiduciary capacity, and funds which come into their hands after dissolution are impressed with a trust, *first*, in favor of creditors, *second*, of stockholders, but the bringing of this action was a corporate act; the authorization required was not different from that which would have been necessary before dissolution. Orr and the two other directors owned 688 of the 1,000 shares of stock issued by the corporation. The remaining 312 shares belonged to the estate of the deceased director, of which one of the surviving directors was executor. Considering the obligation of the directors to manage the corporation, their silence when told of the contemplated action at law amounted to acquiescence. From an evidentiary standpoint, silence amounts to assent if statements or acts are such as to call for some response or act on behalf of the interested party. (*People* v. *Smith*, 172 N. Y. 210, 233; *People* v. *Koerner*, 154 id. 355, 374; *Lanergan* v. *People*, 39 id. 39; *Kelley* v. *People*, 55 id. 565, 572; *People* v. *Willett*, 92 id. 29.) " Silence may indicate assent in a contractual sense." (2 Wigm. Ev. 1261, citing *Peele* v. *Insurance Co.*, 3 Mason, 27.)

" ' Where a corporation consists of a small number of persons, like a partnership, they may transact all their business by conversation without formal votes. And it will be a violation of the plainest principles of justice to hold those who deal with them to prove all their acts by regular votes.' (*Melledge* v. *Boston Iron Co.*, 5 Cush. 158.) " (*Sheridan Electric Light Co.* v. *Chatham National Bank*, 52 Hun, 575, 582; affd., 127 N. Y. 517.) (See, also, *Groh's Sons* v. *Groh*, 80 App. Div. 91; *Gerard* v. *Empire Square Realty Co.*, 195 id. 244, 249; *American Surety Co.* v. *Philippine National Bank*, 245 N. Y. 116, 126.) Plaintiff's attorney was authorized to bring this action under the employment by Orr and the silent approval of the other directors.

The defendant uses two affidavits made by one of plaintiff's directors. The theme in each is that Orr was not given authority to take action which would create a financial obligation against the director personally or as executor of his brother's estate. He admits the conference with the plaintiff's attorney. His affidavit was drawn by defendant's counsel who was well acquainted with the issue presented, and the failure to make a categorical denial of plaintiff's claim that he did not object to having an action brought by this corporate plaintiff is significant. So far as there is an issue of fact between the affidavits presented by plaintiff and those presented by defendant, I believe that we should find with the former. This flank movement by defendant, unaccompanied by assertion of equities, after two years of direct attack in the courts should not receive more comfort than the facts and law require.

The order should be reversed on the law and facts, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

All concur; McNamee, J., not sitting.

Order reversed on the law and facts, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.