## HANAN v. SAGE.

(Circuit Court, D. Minnesota, Fourth Division November 11, 1893.)

CORPORATIONS—DISSOLUTION—POWER TO CONVEY LANDS TO A TRUSTEE.

Under the Minnesota statute (Gen. St. 1878, c. 34, § 416) declaring that corporations whose charters expire or are annulled shall continue bodies corporate for three years for the purpose of settling their concerns, disposing of and conveying their property, and dividing their capital stock, a railroad company, whose charter is annulled by judicial decree, has power within the three years to convey its lands to a trustee in trust to wind up its business.

In Equity. Suit by George Hanan against Russell Sage to quiet title and settle an adverse claim to lands. On demurrer to the answer. Demurrer overruled.

Statement by NELSON, District Judge:

This is an action under the statute of Minnesota, brought to quiet title and settle adverse claims. The complainant alleges that he is in possession of the land, charges that the defendant claims an interest adverse to him, and prays that the defendant be required to set forth the nature of his claim, and that all adverse rights be determined. The defendant files an answer, setting forth in detail his interest, and in substance claiming that the land in controversy is a portion of the place lands under a grant to the Hastings

& Dakota Railway Company, derived from the United States government, and that, subsequent to a judgment of the supreme court of the state declaring the charter of the railway company annulled by forfeiture, under proceedings commenced by the attorney general of the state, the corporation, in accordance with a resolution of its directors and stockholders, duly transferred and assigned its lands, of which the tract in dispute is a part, to him in trust, for the purpose of settling and winding up its business. A demurrer is interposed to the answer.

Lyndon A. Smith, for complainant.

J. M. Gilman and Davis, Kellogg & Severance, for defendant.

NELSON, District Judge, (after stating the facts.) The contention to sustain the demurrer is that the corporation, after the judgment under the forfeiture proceedings, had no authority to convey any other than an absolute and complete title, and could not make any disposition of its lands and capital stock and other property in trust to be distributed among its shareholders, with a view of winding up its concerns; in fact, that the corporation could not convey its property upon any conditions, to any one in trust, for any purpose. The decree or judgment of forfeiture left in full force and effect section 416, c. 34, Gen. St. Minn. 1878, which reads as follows:

"Corporations whose charters expire by their own limitation, or are annulled by forfeiture or otherwise, shall, nevertheless, continue bodies corporate for the term of three years after the time when they would have been so dissolved, for the purpose of prosecuting and defending actions by or against them, and of enabling them gradually to settle and close their concerns, to dispose of and convey their property, and to divide their capital stock; but not for the purpose of continuing the business for which they were established."

This is one of the laws of Wisconsin, which was in force when the territory of Minnesota was established; it was declared to be valid and operative therein, and has been the law of Minnesota ever since. The corporation, under this statute, did not cease to exist after the decree of the supreme court, but continued its organization, and retained its officers and directors, and its stockholders continued to be such, with all the authority possessed before. True, the corporation only existed for the purpose of winding up its corporate business, and closing up its concerns; but to do this it had full control over all its property, and could dispose of it for the purposes indicated in the statute, subject, however, to the rights of creditors and stockholders. The complainant, by his demurrer, admits that the defendant's grantor had a good title to the land in controversy as a portion of the "lands in place" under its land grant, and in his brief concedes that the railway company could pass a complete title up to the end of three years from the date of forfeiture. The statute is clear in its terms, and, unless the act done by the corporation before the three years expired is clearly for some purpose other than that pointed out, or is fraudulent, there is no reason why the conveyance to the defendant should be declared void. Complainant asserts that the manifest purpose of the deed was an attempt to forestall the action of the courts, and was against public policy. How so? There

is nothing upon the face of the transaction to indicate that such was its purpose. On the contrary, it declares, in substance, that the object was to carry out the statutory provisions, and wind up the business of the corporation. It makes no difference, if that was its purpose, that the property of the corporation passed to a trustee. Such assignments have been upheld by courts under a similar statute, and would seem in many instances to be a necessary course to pursue, if done in good faith. There is no evidence of bad faith disclosed in the answer of defendant. The statutes of "uses and trusts" do not forbid the creation of such a trust as this.