## STEELE v. CULVER, Appellant.

### Division One, November 12, 1900.

Ejectment: TITLE THROUGH DEFENDANT. Where plaintiff in ejectment shows defendant to have conveyed the lands in controversy by a deed of trust to a trustee, default in the conditions thereof, sale thereunder by the trustee, and trustee's deed to himself or his grantor as purchaser, and possession by defendant, he is entitled to judgment. The defendant can not question a title given by himself, or hold possession of the land in the face of his own deed.

Appeal from Buchanan Circuit Court.—*Hon. T. H. Parrish,* Judge.

AFFIRMED.

*James M. Wilson* for appellant.

To create a title under the statute of limitations the possession must be open and notorious and continuing under claim of ownership. Fugate v. Pierce, 49 Mo. 441; Bowman v. Lee, 48 Mo. 335. Two things must concur: First, ouster of the real owner, followed by an actual possession by the adverse claimant, and second, an intention on the part of the adverse claimant to oust the owner and possess for himself. St. Louis v. Priest, 103 Mo. 652; Ivy v. Yancy, 129 Mo. 501.

*W. K. Amick* for respondent.

(1) The defendant Culver had acquired title by adverse possession. He had been in possession of the property more than ten years. He could have maintained the action of

ejectment.   Plaintiff acquired Culver's title and he can now maintain the action.   Nelson v. Brodhack, 44 Mo. 596; Wall v. Shindler, 47 Mo. 282; Ekey v. Inge, 87 Mo. 493; Wilkerson v. Eilers, 114 Mo. 245.   (2) The defendant Culver having title by adverse possession, conveyed the property by deed of trust.   Upon condition broken the property was sold under the deeds of trust by the trustees and the purchaser at that sale conveyed his title to plaintiff.   Therefore plaintiff can maintain this action.   Pease v. Pilot Knob Iron Co., 49 Mo. 124; Reddick v. Gressman, 49 Mo. 389; Siemers v. Schrader, 88 Mo. 20.

VALLIANT, J.—This is an action in ejectment for the possession of two lots in the town of Rushville, Buchanan county.   The petition is in proper form and the answer is a general denial.

The cause was tried by the court; jury waived; no instructions asked or given; the finding and judgment were for plaintiff, from which after unsuccessful motions for a new trial and in arrest the defendant appeals.

The plaintiff's title was through deeds executed by the defendant himself.   There were in evidence two deeds of trust executed, one in 1893 and the other in 1894, each conveying to a trustee the lots in suit respectively, to secure a debt to the German American Bank owing by defendant, both executed by him and his wife; then followed a deed from each of the trustees to the German American Bank reciting that a foreclosure sale was made as required by the deed of trust in default of payment of the debt therein secured, and then a deed from the German American Bank to the plaintiff.   Evidence was then introduced tending to prove that defendant was in possession of the lots at the time the suits were brought, that possession was demanded by the plaintiff, and refused and that the rental value of

the property was $8 a month. At this point the plaintiff rested and defendant announced that he would introduce no evidence. The court intimated that it was of the opinion that the plaintiff had failed to prove title in himself. Upon this intimation the plaintiff by leave of court undertook to prove that the defendant at the time he made the deeds of trust in evidence had title to the land by adverse possession, and introduced evidence tending to so prove. After which, there being no evidence to the contrary, the court found for the plaintiff and rendered judgment accordingly.

The only point attempted to be made by the respondent now is that plaintiff failed in his attempt to show title by adverse possession in defendant at the time he made the two deeds of trust.

The intimation by the trial court, when the plaintiff first rested, that he had failed to prove his title, led the plaintiff into attempting to prove that the defendant owned the lots at the date of the two deeds of trust. But that was altogether unnecessary. It requires no citation of authority to show that a man can not question a title given by himself or hold possession of the land in the face of his own deed.

The judgment of the circuit court is affirmed. All concur.