JOHN J. GODFREY v. KATHERINE GODFREY, Appellant.

Division One, May 31, 1910.

1. **ABSTRACT: Judgment: Printed Only in Bill of Exceptions.** Where in the abstract of the record proper it is narrated that a judgment was rendered, the fact that the judgment was printed in full only in the abstract of the bill of exceptions will not authorize a holding that the abstract is fatally defective. Especially should this be the ruling where the appeal was by the short method and a certified copy of the judgment is on file with the clerk.

2. **JUDGMENT ON PLEADINGS: Not Preserved.** A motion for a judgment on the pleadings is no part of the record proper, and the ruling of the court thereon is a matter of exception, and if the motion is nowhere preserved in the bill of exceptions the ruling cannot be reviewed on appeal. [VALLIANT, J., dissenting.]

3. **SUFFICIENCY OF EVIDENCE.** Where plaintiff has filed an additional abstract and that and defendant's abstract when taken together contain ample evidence to sustain the decree of the trial court in the partition suit, the judgment will not be disturbed because of the insufficiency of the evidence.

Appeal from St. Louis City Circuit Court.—*Hon. Jesse A. McDonald*, Judge.

AFFIRMED.

*John Lally* for appellant.

(1) The court erred in overruling appellant's motion for judgment on the pleadings, because the respondent failed to deny the allegations of appellant's answer, or, at best, presented a case wherein the denial must be fairly regarded as ambiguous. Tomlinson v. Lynch, 32 Mo. 160; Billings v. Iron Railway Co., 86 Mo. App. 228; Lamberson v. Long, 66 Mo. App. 254; Jordan v. Surghnor, 107 Mo. 520; Holke v. Herman, 87 Mo. App. 132; Hotel Co. v. Sauer, 65 Mo. 279; Leffingwell v. Griffin, 31 Cal. 231; Doll v. Good, 38 Cal. 287; Callanan v. Williams, 71 Ia. 363; Davidson v. Powell, 16 How. Prac. 467. A denial that property sued for is of the exact value alleged in the complaint may be taken as an admission that it was worth any value less than that. Scovill v. Barney, 4 Ore. 288. A mere denial, in the language of the complaint, that a partial payment was made on a specified day, is an admission that the payment was made on some other day. Argard v. Parker, 81 Wis. 581; Cooper v. Insurance Co., 123 S. W. 500. In case of intestacy, advancements must be brought into hotchpotch if the heir would participate in the estate. Montgomery's Trustee v. Brown, 121 S. W. 472. (2) The court erred in decreeing partition of the property in suit. The evidence failed to show that the property sought to be partitioned was the same as that described in the petition. (3) The court erred in charging appellant with the

rents. All the testimony on that point was mere hearsay. And even if it were competent it did not tend to show that appellant collected the rents that may have been paid. (4) The court erred in not taking into account the taxes and other expenses incident to real estate in the city of St. Louis.

*J. W. Walsh* and *Block & Sullivan* for respondent.

(1) The ruling on a motion for judgment on the pleadings can only be reviewed on a bill of exceptions. Bank v. Klein, 33 Mo. 559; Sternberg v. Levy, 159 Mo. 629. (2) Such a ruling at one term cannot be preserved by a bill filed at a subsequent term. Richardson v. Agricultural Assn., 156 Mo. 411; Smith v. Baer, 166 Mo. 401; Tinsley v. Kemery, 170 Mo. 316; St. Louis v. Lawton, 189 Mo. 481. (3) . A negative pregnant in pleading is but an informality to be reached by motion to make definite and certain. Wynn v. Cory, 43 Mo. 305; Merchants' Co. v. Richards, 6 Mo. App. 464, 74 Mo. 77; Law v. Crawford, 67 Mo. App. 163. (4) It is not enough to show that something is due; it is necessary to show how much is due. Morrison v. Pridham, 56 Mo. App. 518. (5) An advancement is some permanent provision in anticipation of inheritance. In re Williams' Estate, 62 Mo. App. 347; Clark v. Wilson, 27 Md. 693; Yundt's Appeal, 13 Pa. St. 575; Dillman v. Cox, 23 Ind. 440; Bouvier, Law Dic., Advancements; 1 Am. and Eng. Ency. Law (2 Ed.), 760. (6) Temporary aid and succor to either children or grandchildren is excluded. R. S. 1899, sec. 2914; In re Williams' Estate, 62 Mo. App. 347; Johnson v. Antriken, 205 Mo. 247; Ison v. Ison, 5 Rich. Eq. 15; Griggs v. Love, 13 Ky. L. R. 175; Bradsher v. Cannady, 76 N. C. 445; White v. Moore, 23 S. C. 456; Bowles v. Winchester, 13 Bush 1; Garrett v. Colvin, 77 Miss. 408; Christian v. Coleman, 3 Leigh 30. (7) Appellant's alleged claims against the

mother's estate could not be adjusted in partition. Baltimore v. New Orleans, 45 La. Ann. 526; Stout v. Dunning, 72 Ind. 343; Stevenson v. Cotter, 5 N. Y. Supp. 195; Palmer v. Palmer, 38 N. Y. Supp. 195; Rose v. England, 51 Tex. 617; 21 Am. and Eng. Ency. Law (2 Ed.), 1170, note 10.    (8)  A charge upon the property for excess rents collected is proper in partition. Rozier v. Griffith, 31 Mo. 174; Holloway v. Holloway, 97 Mo. 640; Beck v. Kallmeyer, 42 Mo. App. 573.    (9) Administration pending is no bar to partition. Chrisman v. Divinia, 141 Mo. 130.


GRAVES, J.—Mary Godfrey departed this life in the city of St. Louis, April 2, 1904, intestate, leaving the property in dispute. The plaintiff is her son, and the two defendants are her daughters.

Plaintiff and defendants constitute all of her legal heirs. The present action is one in partition. Plaintiff sues for the partition of the property and asks that defendant Katherine Godfrey account for the rents and profits.

By the first paragraph of her answer Katherine Godfrey, who is the sole appellant herein, pleads: (1) that this defendant was the sole support of her mother for some fifteen years prior to her death, (2) denies that the rental value of the property was twenty-five dollars per month and denies that plaintiff has a right to share therein, and (3) avers that the deceased left no property except the land in dispute and that her estate is in the course of administration and the property will be required to pay allowed claims.

By the second paragraph of her answer, she avers: (1) that the plaintiff had received from deceased an advancement of $1000 (this alleged advancement was by reason of deceased having cared for plaintiff's motherless children), and (2) defendant pleads that for fifteen years she paid the taxes, in the sum of $450, the cost of improvements, $300, and did all the work

about the place and in caring for the mother, which was of the value of $2700; that all this she did at the request of Mary Godfrey, and for which expenditures and work the said Mary Godfrey promised and agreed to convey the property to this defendant. In the prayer to this court the defendant prays for a decree vesting title in her in pursuance of such agreement, or if that is not done that the advancement to plaintiff be brought into hotchpotch, and the defendant be credited with the said $750 for taxes and improvements.

This answer was specifically denied by a reply filed by plaintiff.

Defendant Mary Ann Hosty, *nee* Godfrey, filed answer in which she admitted that she had conveyed her interest to defendant Katherine for five hundred dollars, and took a deed of trust on the property for the said amount. That said amount was evidenced by a note and the only interest she had was the unpaid balance on said note, secured by the deed of trust aforesaid.

Defendant Katherine filed a motion for judgment upon the pleadings, which is the gravamen of her appeal, and will be further discussed.

This motion was overruled, and defendant Katherine elected, as shown by the record, to take no further part in the trial. So far as the record shows, the defendant Katherine took no further part in the trial up to the motion for a new trial. Evidence was introduced, but her attorney did not cross-examine the witnesses. She filed motions for a new trial and in arrest of judgment, which being overruled, she perfected her appeal. By the decree, *nisi,* plaintiff was adjudged to have an undivided third interest in the property, and defendant Katherine an undivided two-thirds interest. The interest of Katherine was subjected to a lien of $155.66 in favor of plaintiff for his part of the rents and profits, and further subjected to a lien of $140 to defendant Mary Ann Hosty, for the balance due on

the note and deed of trust aforesaid. The property was ordered sold.

Points made will be taken up in the opinion.

I. Respondent raises a question about the sufficiency of the abstract. The judgment is printed in full, but under the head of "Bill of Exceptions" rather than in the abstract of the record proper. In fact the judgment seems to have been incorporated in the bill of exceptions, and in printing the full bill of exceptions it is printed therein. Under the abstract of record proper we find this language: "The case was, on the same day, then tried before Hon. Jesse A. McDonald, Judge, and the said trial resulted in judgment for partition of the property in suit." This constitutes the only abstract of the judgment. The date therein referred to is one at which motion for judgment was filed, as well as one at which Mrs. Hosty's answer was filed. This date is fixed in the abstract as November 5, 1906, and as being one of the days of the October term of the circuit court. We are inclined to think that this sufficiently abstracts the judgment. But even if there be an omission in this regard, the appeal is taken by the short form, and a certified copy of this judgment is on file and with the papers. We have heretofore held that in such case the defect in the abstract will not be deemed fatal. [Coleman v. Roberts, 214 Mo. 634.]

The Coleman case has been followed several times since upon this point. This contention of respondent is therefore disallowed.

II. The principal contention of the appellant is the alleged error of the court in overruling her motion for judgment upon the pleadings. Unfortunately for her there has been a useless expenditure of printer's ink in briefing the point, because it never has been properly saved.

The entire bill of exceptions has been printed but this motion for judgment does not appear therein. It was never incorporated in a bill of exceptions, and for that reason the action of the trial court thereon is not for review here. Such motion is no part of the record unless made so by a bill of exceptions. [Mechanics' Bank v. Klein, 33 Mo. 559; Sternberg v. Levy, 159 Mo. 1. c. 629.]

In the latter case we said:

"A motion for judgment on the pleadings is not a demurrer. It partakes of some of the qualities of a demurrer but it is not a demurrer, and hence it is not a part of the record. It is a matter of exception and can only be made a part of the record by a bill of exceptions."

The question therefore raised by this motion is not before the court.

III. Whilst defendant Katherine elected to not appear further in the case, and did not appear further, except to file her motion for new trial and in arrest of judgment, yet in such motion for new trial she challenges the sufficiency of the evidence. The plaintiff has filed an additional abstract, and when the two are taken together there is ample evidence to fully sustain the decree. We shall not go into details, for whilst making the point, the defendant has pressed it with but little vigor. Upon the record for consideration, the judgment should be and is affirmed.

All concur, except *Valliant, J.,* and he concurs in the result, but dissents from what is said in paragraph two of the opinion.