**TAZEWELL ELECTRIC LIGHT & POWER CO. v. STROTHER, Collector of Internal Revenue.**

No. 4011.

Circuit Court of Appeals, Fourth Circuit.

June 8, 1936.

Charles P. Gillespie and E. L. Greever, both of Tazewell, Va., for appellant.

Morgan V. Martin, Sp. Asst. to Atty. Gen. (Robert H. Jackson, Asst. Atty. Gen., Sewall Key and Norman D. Keller, Sp. Assts. to Atty. Gen., and Sterling Hutcheson, U. S. Atty., and John V. Cogbill, Asst. U. S. Atty., both of Richmond, Va., on the brief), for appellee.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

NORTHCOTT, Circuit Judge.

This is an action at law instituted in the District Court of the United States for the Eastern District of Virginia, in November, 1932, by the appellant, herein referred to as the plaintiff, against the appellee, herein referred to as the defendant, to recover the sum of $7,781.62, with interest, taxes assessed against the plaintiff as corporate income and profit taxes and paid under protest.

Answer was duly filed by the defendant, individually and as Collector of Internal Revenue for the collection district of Virginia, and a stipulation was entered into waiving trial by jury. After a hearing in which evidence was taken, the judge below filed an opinion holding that the tax was ·properly assessed and that the plaintiff was not entitled to recover. In October, 1935, in accordance with this opinion, an order was entered dismissing the action at the cost of the plaintiff. From this judgment this appeal was brought.

Tazewell Electric Light & Power Company, the plaintiff, was a corporation doing business in the town of Tazewell, Virginia, and all of its stock (150 shares) was held by Tazewell Street Railway Company. In November, 1929, the Street Railway Company declared a dividend of said stock of the plaintiff company held by it, and distributed the same among its stockholders in accordance with their stock holdings.

After the stock had been distributed, but on the same day, the new holders of 123.4888 of the 150 shares of stock by resolution directed that all the property of the plaintiff be conveyed to one W. T. Gillespie, trustee, and on the same day, by another resolution, the said stockholders declared the corporation dissolved.

The properties were conveyed to said Gillespie by deed of the plaintiff corporation dated November 20, 1929. On November 30, 1929, Gillespie, trustee, conveyed to the Appalachian Electric Power Company certain of the properties and was paid in consideration therefor the sum of $89,000.

On December 24, 1929, Gillespie, trustee, conveyed to Tazewell Fuel & Ice Corporation certain other properties and was paid in consideration therefor $5,162.50. The said Gillespie, trustee, proceeded to pay the debts, collect the accounts due, and otherwise generally liquidate the plaintiff corporation and distributed the balance of cash in his hands to said stockholders in accordance with ·their holdings. At the time of the hearing below, Gillespie was still engaged in winding up the affairs of the plaintiff, not having fully completed its liquidation.

The sole question presented is whether the profit realized on the sale of the corporate assets of the plaintiff was taxable income of the corporation.

The pertinent statutes involved will be found in sections 101 and 115 of the Revenue Act of 1928 (26 U.S.C.A. §§ 101 note, 115 and note). The pertinent Treasury Regulations promulgated under the Revenue Act of 1928, are articles 71 and 392, Regulation 74.

A similar question to the one here presented was before this court in Burnet v. Lexington Ice & Coal Company, 62 F.(2d) 906, 909, where we approved of the holding of the Circuit Court of Appeals for the Fifth Circuit in Taylor Oil & Gas Company et al. v. Commissioner of Internal Revenue, 47 F.(2d) 108, to the effect that the real owner of the property sold was the company "until such time as its affairs were liquidated, the debts paid, and the residue distributed to the stockholders. The profit on the transaction was earned by the corporation."

Here the resolution that was passed at a stockholders' meeting, at which all of the stockholders were not represented, and to which resolution, as far as the record discloses, some of the stockholders never did assent (unless a failure to protest should be tacit consent), provides that all the property of the corporation should be conveyed to Gillespie as trustee. The·deed made by the corporation itself, pursuant to this resolution, conveying the property to the trustee, provided as follows:

"(1) Said Trustee shall sell, grant, convey, assign, transfer and deliver, by such deeds, contracts and agreements as may be necessary, for cash, all of the real and tangible personal properties herein granted and conveyed to him, to such purchaser or purchasers and at such price or prices as he may determine, and convert all notes, bonds and accounts receivable of the Company into cash by collection or sale, at such price or prices as he may determine, and pay all of the indebtedness of the said party of the first part, and distribute the remaining assets of the Company among

the stockholders of the said party of the first part in proportion to the amount of the capital stock of the said party of the first part owned by each; and no purchaser of any of said property from said Trustee shall be required to see to the proper application of any of the purchase money, but all responsibility of such purchaser shall cease upon the payment to the said Trustee for the property purchased by such purchaser.

"(2) Said Trustee shall carry on the business and conduct the affairs of the said party of the first part until such sales and distributions are made by him".

While there was testimony to the effect that, at the time the resolution was passed and the deed executed, it was understood by the parties that Gillespie was to act as trustee for the stockholders, the plain purport and effect of the deed on its face, and, from the language used, was to make Gillespie the trustee for the corporation for the purposes of liquidation. The deed expressly provides that the trustee "shall carry on the business and conduct the affairs" of the corporation until sales and distributions were made by him. The trustee did make sales, at different times, of the property of the corporation; conducted its affairs, collected the accounts and made distribution to the stockholders only of the moneys remaining in his hands. The stockholders never had title to any of the property handled by the trustee, but only had title to the stock of the corporation.

The Street Railway Company, that originally owned the stock of the plaintiff, first transferred the stock to its stockholders; the property of the plaintiff was then transferred to the trustee. These two transactions were evidently and admittedly made for the purpose of escaping taxation, and while it is true that such transactions are not vitiated for tax purposes because of that fact, (Chisholm v. Commissioner (C.C.A.) 79 F.(2d) 14, 101 A.L.R. 200, and cases there cited), they are, nevertheless, in our opinion, to be construed jealously against the taxpayer. The Supreme Court has spoken disparagingly of such efforts. Shotwell v. Moore, 129 U.S. 590, 9 S.Ct. 362, 32 L.Ed. 827.

The record does not show that the plaintiff complied strictly with the laws of Virginia, the state of its domicile, with respect to the voluntary dissolution of the corporation. Section 3810 of the Code of Virginia provided: "All corporations, whether they expire by their own limitations or are otherwise dissolved, shall, nevertheless, be continued for such length of time, not exceeding three years, for such dissolution or expiration, as may be necessary for the purpose of prosecuting and defending suits by or against them, and enabling them gradually to settle and close their business, to dispose of and convey their property, and to divide their capital, but not for the purpose of continuing the business for which said corporation shall have been established. If the affairs of any such corporation shall not be wound up by its directors within three years from such dissolution or expiration, they shall be wound up in the manner provided by section thirty-eight hundred and thirteen."

While the statute seems to contemplate that within the 3-year period the affairs of an expiring corporation shall be wound up by its directors, it does not specify in what way the directors shall wind up the affairs of the corporation. It does not prohibit the course pursued by the plaintiff in appointing a liquidating trustee.

It is contended on behalf of the plaintiff that the Lexington Ice & Coal Company and the Taylor Oil & Gas Company Cases, supra, involved statutes of Texas and North Carolina that were different in effect from the Virginia statute, but for the purposes of this case we can see no material difference in the statutes.

The case of Chisholm v. Commissioner, supra, is relied upon on behalf of the plaintiff, but an examination of that case discloses an entirely different state of facts from those here proven. In the Chisholm Case the sale of the corporate stock which had been under option was made by a partnership to which shares of stock had been transferred while under option, but before the sale, and the money realized from the sale was the only capital of the partnership that consummated the sale. The decision in that case is not applicable to the facts in the instant case.

A serious question is presented on the record as to whether proper exceptions were taken to the rulings of the court below. We held in the case of Union Bleachery v. United States, 79 F.(2d) 549, 102 A.L.R. 204, that a general exception, such as is shown here, was not sufficient to bring specific findings and rulings up for review. However, in view of our conclusion as to the merits, it is not necessary to decide that point.

■ The transfer of the assets of the plaintiff to the trustee was not a distribution in kind to the stockholders, and was not such a transfer in complete liquidation of the plaintiff corporation as would relieve it of the payment of taxes on the profit realized on the sale of its corporate assets.

The judgment of the court below is accordingly affirmed.