**ARNOLD et al. v. STRECK et al.**

**No. 7002.**

Circuit Court of Appeals, Seventh Circuit.

Dec. 19, 1939.

Charles S. Sigoloff, of St. Louis, Mo., Frank T. Plattner, of East St. Louis, Ill., and Sigoloff & Sigoloff, of St. Louis, Mo. for plaintiffs-appellants

Walter E. Ackermann, of Belleville, Ill., and Turner, Holder & Ackermann, of Belleville, Ill., for defendants-appellees.

Before EVANS, TREANOR, and KERNER, Circuit Judges.

TREANOR, Circuit Judge.

Plaintiffs filed suit against the defendants in the United States District Court for the Eastern District of Illinois to recover for an alleged breach of contract. Defendants filed a motion to dismiss for the reason that the complaint did not state a cause of action, and the motion was sustained. Plaintiffs refused to plead further and the court entered final judgment dismissing the complaint. From this judgment plaintiffs prosecute this appeal.

The contract involved in this litigation was executed on the third day of February, 1937, between Packers' Brands Incorporated, a Missouri Corporation, styled "licensor," and the defendants, doing business under the title of Streck Bros. Packing Co., styled "licensee." By the terms of the contract the licensor granted the licensee for a period of ten years the exclusive right to manufacture and sell within a limited territory a dog food made with " 'Arnold's Vita-Mix,' a scientifically compounded dog food mixture owned by licensor." The licensee agreed to purchase and use in the manufacture of the dog food, and the licensor agreed to sell to the licensee, all the necessary ingredients. Licensee agreed to purchase not less than 1500 pounds of Arnold's Vita-Mix during the first year of the life of the contract and thereafter "at least ten (10) tons during any twelve (12) month period." Among the specific obligations which the licensor, Packers' Brands Inc., assumed are the following: (1) To pay for the cost of all plates, mechanical preparations and art work required in connection with all advertising which the licensee should "deem necessary for the sale, market and merchandizing of said dog food * * *." (2) To spend 10% of all sums received by it under the contract as purchase price of "Arnold's Vita-Mix" for advertising. (3) To furnish and pay for all laboratory work which may be necessary to enable the dog food to pass the city, state and federal requirements; and to furnish and pay for all

legal services required for such purposes. (4) To make all tags, labels, etc. manufactured by it available to licensee at the cost thereof, plus 10%.

In addition to the foregoing specific obligations the contract must be construed to impose upon the licensor an obligation to continue able and ready to furnish "Arnold's Vita-Mix" to the licensee for a period of ten years.

On January 1, 1938, Packers' Brands Inc. was suspended by action of the Secretary of State of Missouri, and on January 1, 1939, it was disfranchised. The action of the Secretary of State was taken under the statutes of Missouri and the correctness of the ruling of the District Court depends upon the legal consequences to be attached to the official action of the Secretary of State.

It is the contention of the plaintiffs that under the Missouri law[1] the disfranchised corporation continued to have a de facto existence and the statutory trustees in charge of its affairs had the power to maintain this suit. The allegations of the complaint disclosed that the corporation was disfranchised as of January 1, 1939, and that the defendants were not required to complete their annual purchase of ten tons for the current year until February 3, 1939. Consequently, defendants urge that there had been no breach of the contract by them during the life of the corporation. Defendants further urge that the corporation's disfranchisement necessarily put an end to its corporate existence and to any exercise of its corporate powers; and that under the law of Missouri the statutory trustees had no power to continue the corporate business and, therefore, could not perform the contract obligation which had been assumed by Packers' Brands Inc. It follows, so defendants argue, that since the corporate obligation of Packers' Brands Inc. could not be performed after January 1, 1939, the necessary legal consequence is that the defendants were released from their obligation to perform as of that date, and were not obligated to purchase any more of the product of Packers' Brands Inc.

The St. Louis Court of Appeals of Missouri has had occasion to construe and apply the sections of the Missouri Statutes which are relied upon by plaintiffs and defendants. That Court of Appeals in Estel v. Midgard Inv. Co.[2] states its construction of two of the pertinent sections as follows:

"It is difficult to read the provisions of the statute without arriving at the conclusion that it was the intention of the Legislature that the act of the secretary of state should operate as a dissolution of the corporation, leaving it without corporate existence or corporate rights, privileges, franchises, or powers, subject only to the right of rescission and reinstatement, upon the application and showing required by section 4621, R.S.1929 [Mo.St.Ann. § 4621, p. 2050]. Section 4619 provides that upon failure to comply with the provisions of the statute, the corporate rights and privileges of the corporation shall be forfeited, and the secretary of state shall thereupon cancel the certificate, or license, of the corporation, by appropriate entry, whereupon all the powers, privileges, and franchises of the corporation shall, subject to rescission as in the statute provided, cease and determine, and the secretary of state shall notify the corporation that its corporate existence and rights have been forfeited and canceled, and the corporation dissolved, subject to rescission as provided by the statute. Section 4622 provides that the officers and directors, or managers of the affairs of the corporation, at the time such forfeiture is declared, shall be trustees of such corporation, with full power to settle its affairs and distribute its assets among its stockholders, after paying the debts due and owing by such corporation, and, as such trustees, to sue and recover debts and property due such corporation, and that such trustees shall be jointly and severally responsible to the creditors and stockholders of such corporation, to the extent of its property and assets that may properly come into their hands."

In Watkins v. Mayer[3] it was held that the statutory trustees are the corporation's legal representatives and are proper and necessary parties to be named and served in a suit instead of the disfranchised corporation. In the course of its opinion the Court of Appeals referred to earlier decisions which had held that the action of the Secretary of State taken in conformity with Section 4619 of the Revised Statutes of Missouri, 1929, Mo.St.Ann. § 4619, p. 2049, operated as a "dissolution of the corpora-

[1] Secs. 4619 and 4622, Revised Statutes of Missouri, 1929, Mo.St.Ann. §§ 4619, 4622, pp. 2049, 2051.

[2] Mo.App., 46 S.W.2d 193, 195.

[3] Mo.App., 103 S.W.2d 566, 569.

tion, leaving it without corporate existence or corporate rights, privileges, franchises, or powers * * *." The court referred to the case of Nudelman v. Thimbles, Inc.,[4] in which it was held that the dissolution of the corporation did not work a discharge of any debts, claims or 'bills outstanding against it at the time of its dissolution, but had "made it possible for the creditors of the corporation to look to the statutory trustees for the payment of the same, to the extent of the property and effects of the corporation that shall have passed into their hands." The opinion in the Nudelman case further states that the statutory provisions for the winding up of the affairs of the corporation by the trustees "simply have the effect of abrogating the rule of the common law that all debts due to and from a corporation are extinguished by its dissolution, and instead operate to transfer the right of action either to or against the statutory trustees as the case may be." '

We are of the opinion that the construction of the pertinent sections by the St. Louis Court of Appeals of Missouri is the correct one, and we believe that it follows from that construction that Packers' Brands Inc. was completely incapacitated for the transaction of any further business under its franchise from and after January 1, 1939. We believe that the power of the statutory trustees, as clearly indicated by Section 4622 of the Revised Statutes of Missouri, 1929, Mo.St.Ann. § 4622, p. 2051, is to wind up the affairs of the corporation, liquidate its assets, and after paying the debts due and owing by such corporation distribute the remaining assets among its stockholders. They have the power, as an incident to liquidation, to sue for any damage occasioned by breach of a contract prior to January 1, 1939, and, in general, to enforce obligations which matured prior to January 1, 1939. But the trustees cannot enforce contract obligations which matured after January 1, 1939, when the duty of the other party to perform these obligations is conditioned upon the continued ability and willingness of the corporation or trustees to continue to carry on the business of the corporation and to discharge its executory obligations under the contract. If subsequently to January 1, 1939, the statutory trustees had notified the defendants that they could not carry out the obligations assumed by Packers' Brands Inc. it is not conceivable that defendants could have maintained an action against the trustees for breach of contract. It would seem to be an obvious defense to such action that the corporation became legally extinct on January 1, 1939, by operation of the law of Missouri and that all legal capacity to perform executory obligations under contracts covering future time was extinguished as of January 1, 1939.

We are not concerned with the question of whether the trustees have the power by assignment to realize upon the value of assignable contracts which were valid and existing at the time of the disfranchisement of the corporation. The question in this case is narrowed to the single proposition whether the trustees can recover for an alleged breach of contract which could have occurred only after the dissolution of the corporation, when the legal duty of performance by defendants was conditioned upon the trustees' continuing the business of the disfranchised corporation for a period of eight years.

Plaintiffs rely upon the language and holding in Illinois Power & Light Corp. v. Hurley,[5] in which it was held that statutory trustees could maintain an action under the Missouri statute to compel a defendant to respond in damages for a tort committed prior to dissolution. We agree with the holding and language of that case; and especially with the statement that "there is nothing to indicate that it was the intention of the Legislature to deprive a dissolved corporation of the right to recover on any cause of action, whether based upon contract or sounding in tort, which was vested in it at the time of its dissolution." We think the Court of Appeals properly concluded that it was a part of the duty of the trustees in settling the affairs of the corporation to enforce all claims which had matured prior to dissolution. The court in its opinion further stated: "The language of the statute is very broad. By its provisions, the trustees are endowed with all the functions necessary to protect the interests of the dissolved corporation, and to continue such corporation for all purposes, except the transaction of new business."

In the instant case the significant fact is that the defendants' obligation under the contract is conditioned upon the trustees'

[4] 225 Mo.App. 553, 40 S.W.2d 475, 478.

[5] 8 Cir., 49 F.2d 681, 685.

power to continue to exercise the powers of the corporation in the transaction of new business.

The law of Missouri as applied to the allegations of fact in the complaint required the District Court to hold that the complaint did not state a claim upon which relief could be granted.

The judgment of the District Court is affirmed.