WARREN M. TURNER, Trustee, Appellant, v. GRACE G. BROWNE and T. G. BROWNE, NELL C. BROWNE and CLIFFORD B. KIMBERLY, Statutory Trustees of the Springfield Quarry and Concrete Company, a Corporation.—No. 38476.—173 S. W. (2d) 868.

Division One, July 20, 1943.

542

*Warren M. Turner* and *Howard C. Potter* for appellant.

*Frank B. Williams* for respondents.

DALTON, C.—Action in equity in two counts to determine interest in a note secured by deed of trust on real estate, to foreclose the lien of the deed of trust and for injunctive and other equitable relief. After answers, a cross petition in two counts and other pleadings had been filed, the defendants filed motions for judgment on the pleadings and the motions were sustained. Judgment was entered for the defendants and plaintiff appealed.

The pleadings are quite lengthy. The first count of plaintiff's petition alleged that defendants Nell C. Browne, T. G. Browne and Clifford B. Kimberly were [870] statutory trustees of the Springfield Quarry and Concrete Company, a Missouri corporation (hereinafter referred to as the corporation); that defendant Grace G. Browne, being the owner of certain described real estate, on April 12, 1937 executed a note for $1500 payable to the order of the Citizens Bank and secured it by a first deed of trust on said real estate; that on the same date she executed three notes for a total of $1500 payable to the order of the Citizens Bank and secured them by a second deed of trust on the same real estate; that she then conveyed said real estate to the corporation, subject to the said deeds of trust; that, while not so expressed in the deed, the corporation assumed the payment of said notes and it was understood by plaintiff and the creditors of the corporation that the corporation was the real obligor and that defendant Grace G. Browne was not liable on said notes; that, on November 12, 1940, the corporation was in financial difficulties, its said real estate was advertised for foreclosure under the said

second deed of trust and the holder of the note secured by the first deed of trust was threatening to foreclose; that said real estate constituted the bulk of the corporation's assets; that at a creditor's meeting held on said date a contract (also referred to as a trust agreement) was entered into and was later reduced to writing; that under the terms of said contract the corporation conveyed to plaintiff as trustee for the creditors all of the assets of the corporation, including the described real estate; that the real estate was "to be" conveyed to the plaintiff for the purpose of paying the indebtedness due the creditors; that, upon the payment of the debts, the remaining assets of the corporation, if any, including the described land, were to be returned and reconveyed to the corporation; that the holders of said notes agreed with the corporation and the creditors that if the creditors would take up the said notes, together with certain other indebtedness due the holders thereof, they would dismiss their proceedings to sell the real estate and permit the creditors and the plaintiff, as trustee therefor, to take up the said notes in installments; that it was understood and agreed and so expressed in the said agreement that the plaintiff would purchase the said note from the holders thereof and hold the notes "for the benefit of the said creditors with all the rights and privileges accrued to the holder thereof," with full power to enforce the said deeds of trust; that the ownership of the said notes and deeds of trust was not to merge in the plaintiff's ownership of the said land, because there were other liens against the said land.  Other admitted facts concerning the agreement entered into at the creditor's meeting will be set out subsequently.

It was further alleged that the corporation had paid $1000 on the note secured by the second deed of trust; that plaintiff from time to time paid to the holders of said notes sums of money coming into his hands as trustee for creditors; that he paid the full balance due on the second deed of trust and the note was transferred to him; that he further paid $1021.85, as purchase price, on the note secured by the first deed of trust; that plaintiff was unable to continue the payments and the holder of the note secured by the first deed of trust caused the real estate to be advertised for foreclosure sale for March 11, 1942; that prior to said date defendant Grace G. Browne paid the balance due on said note and obtained possession thereof and declined to hold a sale; that she was threatening to cancel the note and release the deed of trust of record; and that by reason of his payment of said sum upon said note, as a part of the purchase price thereof, plaintiff became the owner of an interest in the note.

Plaintiff asked a decree that he was a partial owner of the note to the extent of the sum paid thereon; that he had a lien on the note to the extent of the sums paid; that he was entitled to foreclose the deed of trust and sell the real estate to repay him the sums paid

on the note; and that he was entitled to the balance of the proceeds of the sale as trustee for the creditors. He asked that the defendants be restrained from cancelling the note or releasing the deed of trust.

For his cause of action on the second count of his petition plaintiff realleged the facts stated in the first count and further alleged that defendant Grace G. Browne claimed that the said note had been paid in full and surrendered to her as the maker thereof; and that plaintiff, not having possession of the note or deed of trust, was unable to enforce its terms by foreclosure and sale. Plaintiff asked the court to determine his interest in the note and that the lien of plaintiff under the deed of trust be adjudged a first lien on the described real estate and be foreclosed.

It will not be necessary at this time to do more than outline the other pleadings filed in the cause, since only the facts pleaded or admitted by plaintiff are material here. Defendant Grace G. Browne (hereinafter referred to as defendant Browne) filed her separate answer to each count of the petition and a cross action asking for affirmative relief by a declaration of ''the rights, statutes and legal relations amongst the parties'' under the declaratory judgment act. Plaintiff filed an answer and reply to these pleadings.

Defendants T. G. Browne, Nell C. Browne, and Clifford B. Kimberly (hereinafter referred to as the statutory trustees), as statutory trustees of the corporation, filed a joint answer to both counts of plaintiff's petition and a cross petition in two counts seeking (1) to set aside the alleged trust agreement and the transfer of the corporate property to plaintiff; (2) to set aside a quitclaim deed, executed by the statutory trustees (subsequent to the date of the trust agreement), conveying the described real estate (of the corporation) to plaintiff subject to the provisions of the trust agreement; and (3.) to require an accounting by plaintiff of all assets of the corporation and for other relief.

Plaintiff filed a reply to the answers of said defendants to the respective counts of his petition and also an answer to each of the two counts of the cross petition. His answer to the two counts of the cross petition alleged new matter, but defendants did not reply thereto.

The pleadings of the defendants contained various denials. For example, the defendant statutory trustees denied all allegations in the petition concerning the contract and its terms; denied that plaintiff, as trustee or otherwise, had any right, title or interest in any of the assets of the corporation and denied that plaintiff purchased or had an interest in the note secured by the first deed of trust. These and other specific denials were in effect withdrawn by the filing of the motions for judgment on the pleadings. Cammann v. Edwards, 340 Mo. 1, 9, 100 S. W. (2d) 846. The motions for judg-

ment on the pleadings admitted, for the purpose of the determination of the motions, all facts well pleaded in the petition. Hunter v. Delta Realty Co., 350 Mo. 1123, 169 S. W..(2d) 936, 939; Cammann v. Edwards, supra; Leahy v. Mercantile Trust Co., 296 Mo. 561, 586, 247 S. W. 396; Houts Missouri Pleading & Practice, Vol. I, p. 251, Sec. 124.

The judgment, as entered on the motions for judgment on the pleadings, denied all relief to plaintiff and granted the relief asked by defendants; found that plaintiff had no interest in the note, set aside the said quitclaim deed, cancelled the trust instrument (by which the assets of the corporation were alleged to have been transferred to plaintiff, as trustee, and under which plaintiff purported to act), and directed an accounting by plaintiff and the delivery of all of said assets of the corporation to the defendant statutory trustees.

We have jurisdiction of the appeal because title to real estate is directly involved. The judgment appealed from purports to take title to described real estate from the plaintiff and to vest it in the defendant statutory trustees.

In addition to the facts pleaded by plaintiff in his petition, other facts are expressly admitted by the pleadings, or stand admitted by reason of the motions for judgment on the pleadings. It was alleged by defendant statutory trustees, and expressly admitted by plaintiff, that there was a limestone quarry on the said real estate of the corporation; that the quarry was being operated by Browne Concrete and Asphalt Company, a corporation; that the quarry was producing a net rental of $200 per month; and that between November 12, 1940, and December 16, 1941, rentals in the sum of $2200 were paid to and received by plaintiff as trustee under the trust agreement or contract of November 12, 1940.

It has been noted that the petition alleged that a contract, later reduced to writing, was entered into at a creditor's meeting on November 12, 1940 and that there were four parties to the contract, to wit, the note holders, the (other) creditors, the corporation and the plaintiff. Defendant statutory trustees by answer alleged, and plaintiff admitted, that the contract or trust instrument of November 12, 1940, wherein plaintiff was named as trustee, purported to have been executed and signed by the corporation "by T. G. Browne", party of the first part, by T. G. Browne, party of the second part, by Browne Concrete and Asphalt Company, a corporation, party of the third part, by J. A. Walkins, party of the fourth part, by plaintiff, as trustee, party of the fifth part; and that it was not signed by the defendant statutory trustees.

It is further alleged by defendant statutory trustees, and admitted by plaintiff, that [872] on January 1, 1940 the charter of the corporation was forfeited for its failure to file its annual registration report and anti-trust affidavit for 1939; that, after said forfeiture and after

the execution of the agreement of November 12, 1940, the defendant statutory trustees, as such trustees of the defunct corporation, conveyed to plaintiff, as trustee, for a recited consideration of "One Dollar and other good and valuable considerations" all of the described real estate of the corporation; and that said conveyance purported to be " ' subject to the provisions of a certain trust agreement in which the grantee is named trustee under date of November 12, 1940', being the same trust instrument pleaded in plaintiff's petition."

In connection with the fact that the corporation's name was signed to the trust instrument by T. G. Browne, and that Browne, also, signed in his individual capacity, the following allegations of plaintiff's answers to the counts of the cross petition are pertinent.

"For other and further answer this plaintiff states that the defendant T. G. Browne was the owner of all stock of said Springfield Quarry & Concrete Company; that a few shares of stock therein had been transferred to the defendants Nell C. Browne and Clifford B. Kimberly to qualify the said defendants as directors in the said company; that the defendant T. G. Browne took complete and full charge of all the affairs and obligations of said corporation; that no directors' meetings were ever held; that the defendant Clifford B. Kimberly paid no attention to the affairs of the company; that the defendant Nell C. Browne was the wife of the defendant T. G. Browne and took no part in the operation of said company; that the said defendants as members of the Board of Directors acquiesced in and consented to and ratified all the actions of the defendant T. G. Browne in dealing with the affairs of the company; that subsequent to January 1, 1940, the defendants Nell C. Browne and Clifford B. Kimberly as statutory trustees took no part in the affairs of said company, made no effort to wind up its affairs and pay its debts but allowed the defendant T. G. Browne one of said trustees, to take full charge of the affairs of the said company; that the defendants Nell C. Browne and Clifford B. Kimberly consented to and acquiesced in the actions of their co-trustee, T. G. Browne, and ratified the same; that they executed a deed of the property as trustees to this plaintiff under the terms of the trust instrument, herein referred to, and ratified the action of said T. G. Browne in entering into the said agreement; . . . that on November 12, 1940, the Springfield Quarry & Concrete Company was and had been for many months insolvent; that the sole purpose of the trust instrument in plaintiff's petition described and referred to herein, was for the purpose of settling the affairs of said corporation and paying its debts; that the said statutory trustees acquiesced in and consented to such agreement for that purpose; . . . that these defendants as statutory trustees of the Springfield Quarry & Concrete Company ratified and confirmed the action of T. G. Browne, former president of the company

550

and one of the statutory trustees, in entering into the trust agreement for the use in plaintiff's petition herein" alleged.

The above allegations in plaintiff's answers to the counts of the cross petition are undenied by any reply and they further stand admitted (in so far as facts are well pleaded) for the purposes of the motions for judgment on the pleadings.

Appellant assigns error on the court's action (1) in sustaining the defendants' motions for judgment on the pleadings (2) in decreeing that plaintiff was not, on the pleadings, entitled to maintain his suit or to the relief prayed therein, (3) in entering its judgment on the pleadings (for defendants) and (4) in holding that the agreement or trust instrument, dated November 12, 1940, was void and invalid because entered into after the Springfield Quarry and Concrete Company was dissolved.

We are first confronted with respondents' motion to dismiss the appeal or affirm the judgment. Respondents contend that the "appeal is ineffectual because the abstract of the record does not contain a bill of exception," and that the "record filed herein fails to present to this court any matter of exception for review, or any matter for review except whether the petition, answers and replies contain allegations sufficient to support the judgment." Respondents concede that the cause is before us on the record proper, but insists that the record proper does not show that respondents filed motions for judgment on the pleadings, nor that the court sustained the motions.

The abstract of the record proper shows the filing. of motions for judgment on the pleadings by both defendant Browne and by the defendant statutory trustees. The judgment appealed from recites that the cause was heard upon said motions for judgment on the pleadings and that, from an examination of the pleadings on file in the cause, the court found certain facts, therein specified, to be admitted. The judgment further recites "that upon the pleadings herein and upon the admissions of the record made in the pleadings by the plaintiff, the plaintiff is not entitled to recover on the merits on" either count of his petition, or against any of the defendants. Upon the same pleadings, and upon the alleged admissions made by plaintiff therein, the court further entered judgment against the plaintiff and in favor of the defendant statutory trustees and granted them the relief prayed in their pleadings. The judgment appealed from (and a part of the record proper), therefore, shows upon its face that the cause was not determined from a hearing of evidence, but upon motions for judgment on the pleadings and upon facts admitted by the plaintiff in the pleadings. Roden v. Helm, 192 Mo. 71, 85, 90 S. W. 798; Leahy v. Mercantile Trust Co., supra, (296 Mo. 561, 586). The judgment was based upon the pleadings, which are a part of the record proper. Crowley v. Sutton (Mo. Sup.), 209

S. W. 902, 903. Respondents' motion, in so far as it asks a dismissal of the appeal, must be overruled. The errors assigned by appellant, however, must be considered with reference to the record proper only. Presbyterian Orphanage v. Fitterling, 342 Mo. 299, 307, 114 S. W. (2d) 1004; Thompson v. Moseley, 344 Mo. 240, 242, 125 S. W. (2d) 860; Roden v. Helm, 192 Mo. 71, 93, 90 S. W. 798; Bruner v. Johnston (Mo. Sup.), 228 S. W. 92, 94; Tunnicliff v. Watts (Mo. Sup.), 210 S. W. 876.

■ Did the court err in sustaining the motions for judgment on the pleadings? Neither the motions for judgment on the pleadings, nor the court's rulings thereon are before us for review. Both are matters of exception. Ordinarily, nothing but a bill of exceptions can make a motion a part of the record and, unless a motion is incorporated bodily in the bill of exceptions, it cannot be taken cognizance of by the appellate courts. Graves v. Dakessian (Mo. Sup.), 132 S. W. (2d) 972, 973, and cases there cited. Likewise, the trial court's action in ruling on a motion is, ordinarily, a matter of exceptions. Graves v. Dakessian, supra, and cases there cited. These rules apply to a motion for judgment on the pleadings and the trial court's ruling thereon. Leahy v. Mercantile Trust Co., supra, (296 Mo. 561, 583, 247 S. W. 396, 401); Sternberg v. Levy, 159 Mo. 617, 629, 60 S. W. 1114; Hodson et al. v. McAnerney (Mo. Sup.), 192 S. W. 423, 424; Godfrey v. Godfrey, 228 Mo. 507, 513, 128 S. W. 970; Jones v. Cook (Mo. App.), 249 S. W. 422; Frohoff v. Casualty Reciprocal Exchange (Mo. App.), 113 S. W. (2d) 1026, 1029. The assignment must be overruled.

Do the facts admitted by the pleadings sustain the judgment against the plaintiff on the cause or causes of action stated in his petition? One defense expressly pleaded by all of the defendants was that all payments made by plaintiff on the secured notes were made with the assets of the corporation and reduced its obligations pro tanto and that plaintiff acquired no title or ownership in the notes. The judgment against plaintiff (on counts one and two of his petition) appears (from recitals therein) to be based upon the admission by plaintiff that the sums paid the holders of the secured notes were "sums of money coming into his hands as trustee for the creditors"; that plaintiff collected $2200 in rentals from the defunct corporation real estate; and that $1520.85 of such funds was paid on the alleged purchase price of these secured notes for the benefit of the creditors. On the admitted facts the trial court found that plaintiff was entitled to no relief; that he was not the owner of the $1500 note, nor of any part or interest therein; and that he had no right to enforce the deed of trust or to foreclose any lien, and had no right to injunctive relief as prayed.

■ If the petition failed to state a cause of action against the defendants, the judgment is sustained by the pleadings. If the peti-

tion states a cause or causes of action and the answer states one or more good defenses to such cause or causes of action and if the facts constituting such defense or defenses are admitted by the reply, the judgment accords with the pleadings. Leahy v. Mercantile Trust Co., supra (296 Mo. 561, 586); Hunter v. Delta Realty Co., supra, (350 Mo. 1123, 169 S. W. (2d) 936, 938).

Respondents did not demur to either count of the petition and now contend that the answer of the statutory trustees [874] "states a complete defense to the alleged cause of action stated in plaintiff's petition and (that) the reply admits facts upon which such defense is based." Respondents insist that appellant's right to maintain this action is based solely upon an assignment for the benefit of creditors made by the corporation "as a corporate act after it had been dissolved by a statutory forfeiture of its corporate charter," and that the judgment was for the right party and must be sustained. This argument of respondents can hardly be considered an admission that a cause or causes of action were stated in the petition. On the other hand, appellant has not briefed the assignment of error, supra, in any manner whatever, unless it be considered that a contention, that the statutory trustees had power to make an assignment of the corporation's property and assets for the benefit of its creditors, can be considered as supporting the assignment. We do not think it can be so considered because, even if it be conceded that defendant statutory trustees had the power to assign the assets of the corporation to a trustee for the benefit of its creditors, such fact would not show a right to the relief asked in counts one and two of plaintiff's petition. Appellant makes no contention in his brief that he stated a cause or causes of action in his petition, that he owned an interest in the said note by purchase, or that, on the facts stated, he had any right to the relief asked. Accordingly, it will not be necessary to rule this assignment. It will be considered abandoned. Magers v. Northwestern Mutual Life Ins. Co., 348 Mo. 96, 152 S. W. (2d) 148, 149.

Do the admitted facts sustain the judgment on the other issues? We refer particularly to the judgment on the pleadings against plaintiff and in favor of defendant statutory trustees on their cross petition, holding (1) that the trust instrument was void, because executed by the corporation after forfeiture of charter; (2) that the quitclaim deed was void, because in violation of trust and in excess of powers of the defendant statutory trustees; (3) that plaintiff acquired no right, title or interest in the real estate or other assets of the corporation; and (4) that plaintiff must forthwith account to defendant statutory trustees for all such assets that have come into his hands.

Appellant contends "the essential question to be decided upon this appeal is whether . . . the statutory trustees of a dissolved (insolvent) Missouri corporation have the power to make an assign-

ment of all its property and assets for the benefit of its creditors.'' Respondents reply that such is not the question here because the assignment was not made by the defendant statutory trustees, but by the dissolved corporation; that the statutory trustees could not ratify an act, which they themselves could not perform; and that they could not ratify a void act of the corporation attempted after its charter was forfeited. Respondents later say ''the power of the trustees to make said conveyance pursuant to said assignment . . . is the decisive question in the case.''

Appellant concedes that the corporation had no power to contract and that the defendant statutory trustees did not formally make and enter into the trust agreement under which he purports to act as trustee, but he insists that defendant statutory trustees are merely liquidators, that they had the power to transfer the assets of the corporation, subject to the terms of the trust agreement (the same being a method of discharging their duties, settling the affairs of the corporation and paying its debts); and that, having so transferred the property and assets of the corporation for said purpose, they are not entitled to the relief granted. Appellant further contends that the action of the president and active statutory trustees of the defunct corporation in signing the trust agreement was ratified by the action of the other statutory trustees in making the conveyance of the corporation's property. Respondents, on the other hand, contend that defendant statutory trustees could not ''voluntarily abdicate their powers as statutory trustees in favor of a third party and make an assignment to him of all the corporation's assets for the benefit of creditors.'' Respondents say that liquidation by the statutory trustees, as such, is the exclusive statutory mode of winding up the affairs of a defunct corporation. We think the power and authority of defendant statutory trustees in the premises is the decisive issue.

Section 5094, R. S. 1939, Mo. R. S. A., Sec. 5094, dealing with the forfeiture of a corporation license provides: ''When the forfeiture of the certificate, or license, of any corporation has been declared, the officers and directors or the manager, or managers, [875] of the affairs of said corporation, at the time such forfeiture is declared, by whatever name they may be known in law, shall be trustees of such corporation with full power to settle its affairs and distribute its assets among its stockholders; after paying the debts due and owing by such corporation; and as such trustees to sue and recover debts and property due such corporation . . . .'' See, also, Section 5036, R. S. 1939, Mo. R. S. A., Sec. 5036, providing for similar trustees upon dissolution of a corporation. Most states have similar statutes. Fletcher Cyclopedia of Corporations, Permanent Edition, Vol. 16, p. 941, sec. 8174.

By force of the statute, supra, the defendant statutory trustees took the place of the corporate entity in the management of its

554

affairs. Yerxa, Andrews & Thurston v. Viviano (Mo. Sup.), 44 S. W. (2d) 98, 100; Watkins v. Mayer (Mo. App.), 103 S. W. (2d) 566, 103 S. W. (2d) 569; Ford v. K. C. & I. Short Line R. Co., 52 Mo.'App. 439, 452. The corporation, after forfeiture of its charter, was without power to function as a corporation and the directors, who became the trustees of the corporation, were also without power or authority to transact any business of the corporation, except to wind up its affairs and distribute its assets. Estel v. Midgard Inv. Co. (Mo. App.), 46 S. W. (2d) 193, 195; Watkins v. Mayer, supra; Illinois Power & Light Corp. v. Hurley, 49 Fed. (2d) 681, 685; Arnold v. Streck, 108 Fed. (2d) 387, 389. The defendant statutory trustees represented the corporation. Italiani v. Higbee Coal Mining Co., 331 Mo. 362, 53 S. W. (2d) 1050, 1055. They were the "successors in interest of the corporation." 19 C. J. S. Corporations, Sec. 1744; Richards v. Northwestern Coal & Mining Co., 221 Mo. 149, 119 S. W. 953; Bradley v. Reppell, 133 Mo. 545, 552, 32 S. W. 645; Meramec Springs Park Co. v. Gibson, 268 Mo. 394, 400, 188 S. W. 179.

"Although the statutes characterize the directors upon dissolution as trustees, they are not trustees of a trust in any true sense of the word. Nor are they officers of the court, but they are merely statutory liquidators." Fletcher, Cyclopedia of Corporations, Permanent Edition, Vol. 16, p. 947, sec. 8175; Yerxa, Andrews & Thurston v. Viviano, supra; Landis v. Saxton, 105 Mo. 486, 490, 16 S. W. 912; Holmes v. Camp, 186 App. Div. 675, 175 N. Y. S. 349, 352 (construing what is now Sec. 5036 R. S. 1939); Rossi v. Caire, 174 Cal. 74, 161 Pac. 1161, 1164; 14a C. J. 1171, sec. 3838.

"The duties of the trustees are measured by their powers and by the principles of law and equity applicable to the conditions. They have in their possession property belonging to others, they are bound to settle the affairs of the former owner, and they have all the power to deal with and dispose of the property that is necessary to accomplish that object. The interests they are to serve are the interests of the stockholders to whom the property belongs and of the creditors of the defunct corporation whose debts constitute a paramount charge upon that property." Fletcher Cyclopedia of Corporations, Permanent Edition, Vol. 16, p. 957, sec. 8178; 14a C. J. 1172, sec. 3840; 13 Am. Jur., Corporations, secs. 1360 and 1361; Annotations 47 A. L. R. 1541; 97 A. L. R. 477, 488; Sager v. State Highway Commission (Mo. App.), 125 S. W. (2d) 89, 92; Wilson Motor Co. v. Hoover (Mo. App.), 293 S. W. 61, 63; Arnold v. Streck, supra; Rossi v. Caire, supra.

In the case of Tazewell Electric Light & Power Co. v. Strother, 84 Fed. (2d) 327, it was held that a state statute providing for the winding up of an expiring corporation's affairs by its directors, without specifying how the same should be done, did not prohibit the appointment of a liquidating trustee by resolution of the stock-

holders of a corporation, the transfer by the corporation of all of its assets to such trustee and the liquidation of the corporation assets and affairs by such trustee, after a voluntary dissolution of the corporation. The court said: "While the statute seems to contemplate that within the 3-year period the affairs of an expiring corporation shall be wound up by its directors, it does not specify in what way the directors shall wind up the affairs of the corporation. It does not prohibit the course pursued by the plaintiff in appointing a liquidating trustee." See, also, Hanan v. Sage, 58 Fed. 651; Jaffee v. Commissioner of Internal Revenue, 45 Fed. (2d) 679.

Since it appears in this case that the transfer of the corporation's assets was made for the purpose of carrying out the statutory provisions and winding up the business and affairs of the defunct corporation [876] and, since it further appears that the defendant statutory trustees were (in their individual capacities) the owners of all of the stock in the corporation and made the conveyance with the consent of the secured and unsecured creditors of the corporation, we hold that, upon the admitted facts, the defendant statutory trustees had the power and authority, in their discretion, to transfer the assets of the corporation to the plaintiff as trustee for the creditors. See, Clifford Banking Co. v. Donovan Commission Co., 195 Mo. 262, 280, 94 S. W. 527; Farmers' Elevator Co. v. Wunschel (Tex. Civ. App.), 88 S. W. (2d) 574, 578; Holmes v. Camp, supra.

We further hold that the defendant statutory trustees by the conveyance of the corporation's assets to plaintiff, subject to the terms of the trust agreement, and by their acquiesence therein, have ratified and confirmed said trust agreement. In the case of Hall v. Lavat, 301 Mo. 675, 687, 257 S. W. 108 in discussing the right of statutory trustees of a defunct corporation to disclaim lands not owned by it, but previously held adversely, this court said: "We further hold, that the evidence tending to show that said W. S. Winsor, the president of said company, was the only trustee or person in possession thereof, he had a right to disclaim holding adversely and to surrender such possession to the plaintiffs without the joinder of the other trustees. Also, that the evidence failing to show any objection on their part, under the circumstances shown in evidence, it tends to show that they consented thereto." See, also, Automatic Sprinkler Co. v. Stephens et al., Receivers, 306 Mo. 518, 530, 267 S. W. 888, 892; Sager v. State Highway Commission, supra; Farmers' Elevator Co. v. Wunschel, supra (88 S. W. (2d) 574, 578); O. G. Orr & Co. v. Fireman's Fund Ins. Co., 235 App. Div. 1, 256 N. Y. S. 79.

On the admitted facts the judgment in favor of the defendant statutory trustees on their cross petition cannot be sustained. The state is not complaining of the transfer of the corporation's assets to plaintiff. No creditor has complained. The trust agree-

556

ment was entered into at a creditor's meeting. The legal effect of this contract appears from the petition and the secured and unsecured creditors, the plaintiff and T. G. Browne are admitted to have been parties thereto. All of the defendant statutory trustees (including .T. G. Browne) transferred the real estate of the corporation to plaintiff, subject to the trust agreement, and by their acts and conduct said statutory trustees ratified and acquiesced in the arrangements made with reference to the corporation's assets. It is admitted that T. G. Browne owned all of the stock of the corporation, except qualifying shares, and that he alone had been active in the affairs of the corporation before and after the forfeiture of its charter. Plaintiff has been proceeding in the discharge of his duties as trustee for creditors. No fraud, collusion or abuse of discretion is charged against him as trustee for creditors under the trust agreement. Only defendant statutory trustees complain of the trust agreement and of the conveyance of said assets to plaintiff. They alone seek to recover the assets and secure an accounting. But one of their number (who in his individual capacity owns substantially all the stock of the corporation) signed the trust agreement in his individual capacity and purported to sign the corporation's name also, but after forfeiture of its charter. See, Lorenzen v. United States, 41 Fed. (2d) 369, 372; Holmes v. Camp, supra. It further appears that the transfer was at the instance and request of creditors endangered by the pending foreclosures. Can the defendant statutory trustees now, on the theory that they represent themselves as *stockholders* and also represent the *creditors,* secure the aid of a court of equity in vacating and setting aside the trust agreement and the conveyance of assets thereunder and require the plaintiff to account to them for all assets of the corporation which have come into his hands? We think the admitted facts constitute an estoppel (estoppel by deed) and that defendant statutory trustees were not entitled to relief. Steele v. Culver, 158 Mo. 136, 138, 59 S. W. 67; Coates & Hopkins Realty Co. v. Kansas City Terminal Ry. Co., 328 Mo. 1118, 43 S. W. (2d) 817, 824. See, also, 6 C. J. S., Assignments for Benefit of Creditors, Sec. 22. Although estoppel is not pleaded as a defense to the cross actions, the basis for this defense appears from the facts well pleaded and admitted by the motions, and upon these admitted facts the defendant statutory trustees obtained a judgment for the relief asked. The defense is, therefore, available. Rivard v. Mo. Pac. Ry. Co., 257 Mo. 135, 169, 165 S. W. 763.

The motion to dismiss the appeal or affirm the judgment is overruled and the [877] judgment is reversed and the cause remanded. *Bradley* and *Van Osdol, CC.,* concur.

PER CURIAM:—The foregoing opinion by DALTON, C., is adopted as the opinion of the court. All the judges concur.